VAUGHN, Defendant in Error, v. TRACY, Plaintiff in Error.

1. Possession of real property under an unrecorded deed, though brought home to a subsequent purchaser, does not constitute, as a matter of law, actual notice of such prior deed within the meaning of our registry act.

2. Possession and apparent ownership are, however, facts from which a jury will be warranted in inferring actual notice.

3. Where the evidence relied on to bring home to a subsequent purchaser actual notice of a prior unrecorded deed is a declaration of such subsequent purchaser to the effect that his grantor had told him before his purchase that the plaintiff (the prior purchaser) "had a mill on the land and would have to move it away now," it is error to instruct the jury that "if the plaintiff was on the acre of land and mill thereon at the time of the defendant's purchase, and that fact was then known to defendant, it was a sufficient notice in law of the plaintiff's previous purchase so as to affect the defendant with notice of the plaintiff's title."

*Error to Osage Circuit Court.*

This was a suit for the possession of, and to obtain the legal title to, a tract of one acre of ground upon which was a horse grist-mill. The plaintiff introduced in evidence an instru-

ment under seal, being articles of agreement between himself and one W. R. Huckstep, dated March 3, 1845. By this instrument Huckstep engaged to convey to Vaughn a tract of eighty acres of land; and it was recited therein that one acre of the tract, " whereon the mill now stands," had been previously sold by Huckstep to Vaughn for sixty dollars. This instrument was not acknowledged, but was recorded September, 1846. Defendant Tracy claimed title under a deed from Huckstep, dated February, 1852, conveying eighty acres, including the acre in controversy. At the date of the deed to Tracy plaintiff was in possession of the acre lot, and had been for eight or ten years previously.

The remaining facts are sufficiently set forth in the opinion of the court.

*Parsons* for plaintiff in error.

I. The instrument of writing executed by Huckstep and Vaughn was inadmissible. It was not acknowledged. (R. C. p. 226, sec. 42.) Further, there was no proof of the execution of this intrument of writing.

II. There was no evidence tending to show that Tracy had notice of an adverse possession in the defendant in error. The declarations of Tracy are the only evidence on this point. He said Huckstep told him the defendant had a mill on the land, but he would have to move it now. If Tracy relied on this statement of Huckstep, he was evidently led to believe Vaughn had no adverse title in the land. That he did rely upon Huckstep's statements there is no doubt. He resided upwards of one hundred miles from the land; had never seen it until after his purchase; relied on Huckstep's statements as to the quantity and quality of the land. He complained that Huckstep had misrepresented the quality of the land; that there were more rocks upon it than he had supposed; that Huckstep told him there were fruit trees on the land, which was untrue. For these reasons the instructions asked by the plaintiff in error, and refused by the court, ought to have been given. (See this case in 22 Mo. 415.) If the declarations of Huckstep to Tracy were any notice at

all, it can only be understood as a notice of tenancy of Vaughn under Huckstep, and not as an adverse possession. (See Beatie v. Butler, 21 Mo. 313.)

*Morrow,* for defendant in error.

I. The paper writing offered in evidence was properly admitted without proof of its execution. Its execution by Huckstep was alleged in the petition and not denied in the answer. (See Practice Act; Sess. Acts, 1849, p. 80, sec. 7.)

II. Open and notorious possession of a tract of land by a party claiming title under an unrecorded deed, and the knowledge of such possession, being fastened upon a subsequent purchaser at or before the time of such subsequent purchase by the verdict of a jury, affect each subsequent purchaser with actual notice of the prior purchaser's title. (Vaughn v. Tracy, 22 Mo. 415 ; Sanders v. Brant, 10 Howard, 348.)

LEONARD, Judge, delivered the opinion of the court.

When this case was here before, (22 Mo. 417,) we remarked that we all concurred in reversing the judgment on the ground that " possession was not, as the circuit court seemed to suppose, as a mere matter of law, actual notice within the meaning of the recording acts ;" and we then observed that we deferred, until all the circumstances of the transaction should be fully developed in a new trial, our opinion on the question " how far and under what circumstances the fact of open and notorious possession and apparent ownership of real property was to be considered evidence of actual notice." A majority of the judges then intimated their opinion that the actual notice of the statute was a fact to be proved as any other fact, and that, as men rarely purchased farms without examining them personally, the fact of possession might, under ordinary circumstances, be fairly presumed to have been within the purchaser's knowledge when he bought; and that in this state, where the land is generally in the occupation of owners in fee, if knowledge be brought home to the purchaser

that a third person is in the possession and apparent owner-ship of land, it ought, under ordinary circumstances, to be deemed sufficient information to the second purchaser that the possessor is the owner in fee under a title derived from the former owner. They also remarked substantially that the circumstances might be such as to show that the pur-chaser did not in fact know that any third party was in pos-session, or, if he did know it, they might have shown that his occupation was not as owner; and that in such cases the jury could not find the fact of actual notice.

This new trial has now been had, and the evidence given was to the effect that there was a house and farm on the land; that the plaintiff was at the time of the defendant's purchase, and had been for eight or ten years previously, in the possession of a mill situate on the land, with an acre of ground attached to it, and that the defendant resided at the time he purchased in the county of St. Louis, about one hun-dred and fifty miles from the land, and had not been pre-viously in the county where the land lay. The plaintiff then, in order to show that the defendant knew, at the time he made the purchase, that the plaintiff was in the possession of the mill and acre of ground, gave in evidence the statements of defendant—made on several occasions, in answer to the inquiry whether Huckstep, his grantor, had not told him be-fore the sale that he (Huckstep) had sold the mill and acre of ground to the plaintiff—to the effect that "he told him plaintiff had a mill on the land and would have to move it now." Upon this evidence the court directed the jury that "if the plaintiff was on the acre of ground and mill thereon at the time of the defendant's purchase, and that fact was then known to the defendant, it was a sufficient notice in law of the plaintiff's previous purchase so as to affect the defen-dant with notice of the plaintiff's title," and that "possession of a tract of land by one claiming to have previously pur-chased it is *sufficient evidence* of such previous notice if such possession was known to the subsequent purchaser at the time of his purchase."

These instructions, taken in connection with the evidence, must, we think, have misled the jury, and for that reason the judgment will be reversed and the cause remanded. The question of fact for the jury was whether the defendant purchased with " actual notice" of the prior unrecorded conveyance to the plaintiff; or, in other words, whether he believed, when he bought the land, that his grantor had previously sold the mill tract to the plaintiff. If there were no circumstances disclosed other than that it was the purchase of a farm, and that there was at the time a mill on the land, with an acre of ground attached to it, in the occupation of the plaintiff as the apparent owner, these facts would, in my opinion, have been competent evidence to show that the defendant purchased with actual knowledge of the previous sale to the plaintiff. They would, I think, have been sufficient in point of law to have been submitted to the jury for this purpose ; but whether when received they would have satisfied the jury of the truth of the alleged fact would be a matter for their consideration. In this state lands are usually found in the occupation of the owners in fee, and therefore we generally infer from this occupation and apparent ownership that the occupant is the real owner, and of course that he has a title to it derived from the former proprietor; but this possession and apparent ownership, even if brought home to the subsequent purchaser, do not constitute, in point of law, actual notice of the prior deed within the meaning of the statute. It is evidence of such knowledge, and under ordinary circumstances ought, I think, to satisfy a jury that the party purchased with knowledge of the prior deed, and such is the opinion expressed, or at least intended to be expressed, by the judge who delivered the former opinion in this case.

From the proof here, the jury might have inferred, and no doubt did infer, that the defendant made the purchase at a distance from the farm and without any personal examination of it ; and the plaintiff therefore resorted to the defendant's admissions in order to show his knowledge of the plaintiff's pos-

session and apparent ownership of the mill and ground. These admissions, however, instead of establishing that fact, were rather to the effect that the defendant's information was that the plaintiff owned the mill, and was occupying the land upon which it stood at the will of the owner (Huckstep); or, in other words, that the plaintiff, instead of being in possession of the land as owner, was there as the mere tenant at sufferance of the owner, and was bound to remove his mill whenever Huckstep disposed of the land.

Upon this evidence the jury was told that if the plaintiff was on the land and the defendant knew it, this was sufficient notice in law of the plaintiff's previous purchase, when of course such a possession, not as owner but as the mere tenant at will of the owner, afforded no evidence whatever of any conveyance to the plaintiff. The judgment must be reversed and the cause remanded.