Speck v. Riggin.

ANN C. SPECK, Appellant, *v.* JOHN RIGGIN, Respondent.

| 40 | 405 |
| 99 | 467 |

1. *Estoppel — Judgments.* — The doctrine of the conclusiveness of judgments conduces to peace and repose, and it cannot be disturbed without unsettling rules of property and producing irreparable mischief.

| 40 | 405 |
| 110 | 98 |
| 110 | 137 |

2. *Conveyances—Evidence—Notice—Records—Lands and Land Titles.*—Notice is either actual or constructive. It is actual when the purchaser knows of the existence of the adverse claim, or is conscious of having the means of knowledge, although he may not use them; it is constructive when the law presumes it.

| 40 | 405 |
| 121 | 116 |
| 123 | 185 |
| 60a | 308 |

| 40 | 405 |
| 150 | 177 |

*Appeal from St. Louis Circuit Court.*

*B. A. Hill* and *A. Todd*, for appellant.

*Gibson* and *Field*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

Every material point involved in this case has been already passed upon by this court, and we have no inclination even did we feel ourselves at liberty to enter into a re-examination of the subject. The prior decisions have settled the title to the property now attempted to be contested, as firmly as it is possible for the adjudications of a court to settle anything—Wohlien v Speck, 18 Mo. 563; Speck v. Wohlien, 22 Mo. 314.

The doctrine of the conclusiveness of judgments conduces to peace and repose, and it cannot be disturbed without unsettling rules of property and producing irreparable mischief.

The only plausible pretext for distinguishing this case from the former ones in this court is, that the plaintiff purchased in good faith and without notice. But we perceive no merits in this assumption. Notice may be either actual or constructive. It is actual when the purchaser either knows of the existence of the adverse claim or title, or is conscious of having the means of knowing, although he may not use them. Constructive notice is a legal presumption, and will be conclusive unless rebutted (Rogers v. Jones, 8 N. H. 264); and in many cases it cannot be gainsayed or denied even by evi-

dence of the absence of actual knowledge or notice—Griffith v. Griffith, 1 Hoff. Ch. 153.

But the record clearly discloses the fact that the plaintiff had notice, for in her petition to the County Court she declares that she purchased the premises and paid a full consideration therefor in good faith, believing that she was acquiring a full and complete title to the same by virtue of the deed and the proceedings for the sale of the real estate of the deceased Wohlien.

Now these very proceedings were in contention when the Speck and Wohlien cases were in this court, and it was held that no title accrued to the plaintiff by virtue of them. It is clearly evident that the plaintiff has proceeded throughout upon a mistake of law, and not through a mistake or ignorance of facts. A party may be estopped by giving a matter in evidence as well as by pleading it; and after the deliberate admission which plaintiff made in her petition, she cannot now be heard in asserting anything to the contrary, especially when others are to be injuriously affected by it.

Judgment affirmed. The other judges concur.