WILLIAM D. SHUMATE, Appellant, *v.* P. P. REAVIS, Respondent.

1. *Deed—Record.*—A deed is not inadmissible in evidence because unrecorded.
2. *Deed, sheriff's — Relates back to sale, when.* — A sheriff's deed will relate back to the date of the execution sale, as to parties having actual notice of the sale, and takes effect from that date. And in such case notice of the sale is virtually notice of the deed.
3. *Land and land titles — Possession — Notice.* — Possession, although not actual notice of title, is evidence of such notice to be submitted to the jury.

*Appeal from Johnson Court of Common Pleas.*

*Elliot & Blodgett*, for appellant.

I. Under section 57, chapter 55, Wagner's Statutes, 612, the sheriff's deed offered in evidence was not admissible, not having been recorded. The statute, in declaring that after record the deed may be put in evidence, holds by implication that without record it is not admissible. (3 Brevard, S. C., 306 ; 5 Texas, 418 ; Bradley v. Holloway, 28 Mo. 155 ; 36 Mo. 28 ; *id.* 619.)

II. As to the question of notice. it cannot be contended that either the plaintiff (Shumate) or Blodgett, his grantor, had actual notice of a prior deed to defendant (Reavis) when he admits that he had no deed until after Blodgett had bought and sold again to Shumate, and Shumate had brought this action for possession. Certainly no one could have notice of a deed to Reavis, when Reavis had no deed. There is no evidence that Blodgett had knowledge of defendant's possession at date of his purchase, nor that defendant was in possession when Blodgett sold to plaintiff.

The law, as applied to this case, undoubtedly is that under our statute mere possession is of itself no notice, actual or constructive. (21 Mo. 221–5, and cases cited; 11 Mo. 785; 5 Mo. 387.) In Vaughn v. Tracy, 22 Mo. 417, the court reversed the judgment on the ground that, as a matter of law, possession was not actual notice within the meaning of the recording act.

III. The record shows that defendant Reavis had no deed until after the commencement of this suit, and hence no title vested in him until that time, the rule being that no title vests in a purchaser until a delivery of the deed. And notwithstanding the deed may, when delivered, relate back and vest a purchaser with title from the date of the judgment, yet he takes it subject to all the rights of an intermediate purchaser without notice; and, as in this case, if the defendant suffers, he suffers through his own neglect. If he chose to neglect his own duty, and failed to receive his deed and place it upon record, the fault is his, and no one is responsible but himself. So far as the certificate of purchase which the defendant held from the sheriff is concerned, it was a mere private memorandum between the defendant and the sheriff, and the plaintiff having no knowledge of its existence prior to the day of trial, it can cut no figure in this case.

*Crittenden & Cockrell,* for respondent.

I. In addition to other circumstances, the open, notorious and visible occupation of the land by the defendant in error as owner, from the date of his purchase, was sufficient notice to the grantor to put him on inquiry. (8 N. H. 269; 22 Pick. 540; 3 Washb.

Real Prop. 283-4; 10 Cal. 181; 12 Cal. 363; 22 Ill. 610; 29 Ga. 121; 21 How. 493; 6 Wall. 91; 6 Wend. 213; 4 N. H. 262; 2 Mass. 508; 15 Ohio St. 168; 31 Cal. 184; 22 Ind. 434; 15 Mich. 112; 14 Wis. 468; 50 Me. 161; 3 Conn. 146; 4 Cow. 722–3; Merrithew v. Andrews, 44 Barb. 200; 1 Sto. Eq. Jur., § 406; 21 Mo. 323; 3 Metc. 405; 25 Mo. 318; Speck v. Riggin, 20 Mo. 405; Maupin v. Emmons, 47 Mo. 304; 1 Sto. Eq., § 400, note 4; 1 Texas, 326; 14 Ark. 69; 8 Paige, 182; 2 U. S. Eq. Dig. 662, § 249; 2 Hare, 173; 2 Sugd. 445.)

II. The failure to record the deed does not render it inadmissible. The failure of the clerk to enter the acknowledgment of the deed on the records will not invalidate or affect. How can it be claimed that the failure of record shall work greater harm? The admissibility of such deed as evidence is based upon the acknowledgment and the indorsement of the certificates, acts of the officers of court having jurisdiction over the same, not on the recording of the deed — an act of another and different officer. The acts of the former make the deed, that of the other does not add to its force.

ADAMS, Judge, delivered the opinion of the court.

This was an action of ejectment. The case was submitted to the court and judgment given for defendant. Both parties claim under Benjamin B. Wyatt. The plaintiff, to maintain his case, produced a sheriff's deed to W. H. Blodgett, under an execution from the Johnson Circuit Court, dated and levied on the 5th of March, 1868, and a sale on the 14th of April, 1868, and being filed for record January 1, 1869. Plaintiff introduced a deed from Blodgett to himself, of November 16, 1869, and filed for record November 19, 1869, and proved rents and profits, and rested.

The defendant relied on a sheriff's deed to himself, under an execution on a judgment of April 18, 1866, reciting sale of property on April 19, 1867. This deed was regularly acknowledged but not recorded, and plaintiff objected to it as evidence because it had not been recorded and because he had no notice of its execution, which objections were overruled.

It was then admitted by the plaintiff that the defendant was in possession of and cultivating the land in dispute when Blodgett bought it under execution. It was also admitted that defendant held a certificate of his purchase from the sheriff, but that no deed was made to him by the sheriff up to the time, and not until after the plaintiff brought this action.

The case was submitted to the court sitting as a jury, and no declarations of law were asked by either party. The court found for defendant, and a motion for a new trial was made and over-ruled. The sheriff's deed to the defendant was duly acknowledged in open court but not recorded. It is urged by the plaintiff that the defendant's sheriff's deed was not admissible as evidence because it had not been recorded. This objection is not tenable. The only object in recording the deed is to impart notice to sub-sequent purchasers or mortgagees, etc. The second objection to this deed is that the plaintiff had no notice of such a deed when he made his purchase, and that, as this deed was not actually made until some time after that of the plaintiff, it was impossible that he could have had notice of that which had no existence. This is a very ingenious argument, but it is not the law as applicable to this case.

The main question is one of notice — that is, whether the plaintiff had actual notice of the purchase by the defendant at execution sale. If he had such notice and his grantor Blodgett also had such notice, then the sheriff's deed, as to them, related back to the time of sale and took effect from that time; and therefore notice of the sale was to all intents and purposes notice of the deed, as the deed only completed the purchase and vested the title in the defendant from that time.

This question of notice was only for the court sitting as a jury to pass upon. The plaintiff's admission, that the defendant was in possession when Blodgett bought, amounts to an admission that he knew of such possession. Possession, though not actual notice, is evidence of such notice to be submitted to the jury. This is the settled law of this State. (See Vaughn v. Tracy, 22 Mo. 417; 25 Mo. 318; Maupin v. Emmons et al., 47 Mo. 304.)

Let the judgment be affirmed. Judge Bliss concurs. Judge Wagner absent.