————o————

ROLLIN G. WHITMAN, Defendant in Error, *vs.* WILLIAM TAYLOR AND CALDWELL COUNTY, Plaintiffs in Error.

1. *Mortgagee—Ejectment against one holding under possession by—Notice of mortgage shown by fact of possession.*—One holding possession under a mortgagee cannot defend his possession in ejectment brought against him by a purchaser from the mortgagor, after the execution of the mortgage, without notice thereof. And the possession of defendant and knowledge of that fact by plaintiff are not sufficient to charge the latter with notice of the mortgage. To produce that result, the instrument must be recorded, or plaintiff must have either actual notice of its existence, or information such as would put a man of ordinary prudence upon inquiry as to its existence. But the fact of such possession may be taken into consideration by the jury, in connexion with other circumstances, as going to show actual notice to plaintiff of the mortgage.

2. *Lands—Irregularities in judgment and execution affecting—Title of stranger thereto, not affected by.*—Irregularities in the judgment and execution under which land is sold, cannot affect the title of one who is a stranger to those proceedings and has no notice of the irregularities at the time of his purchase

3. *Land, sale of, founded on constable's* nulla bona *return, made in less than ninety days.*—A sale of land under execution, issued on a transcript from a justice's court, is not void, collaterally, by reason of the fact that the transcript was founded upon a constable's return, made in less than ninety days from date of the execution.

4. *Sheriff's sale not void collaterally for inadequacy of price.*—Mere inadequacy of consideration will not, of itself, render a sheriff's sale void in a collateral proceeding.

5. *Mortgagee—Purchase from—Subrogation of purchaser to rights of mortgage.* [The court intimated that where land is purchased of a mortgagee, and the money is used to cancel the mortgage debt, the purchaser might, in a proper proceeding, be subrogated to the rights of the mortgagee, for re-imbursement of the money so advanced. ]

*Error to Caldwell Common Pleas.*

*Crosby Johnson,* for Plaintiff in Error.

I. The county, as mortgagee of the lands, had the right to hold possession as against the mortgagor and those claiming under him, after condition broken, until the debt was satisfied. (Hubble vs. Vaughan, 42 Mo., 138 ; 38 Mo., 120 ; 49 Mo., 244 ; Johnson vs. Houston, 47 Mo., 227.)

II. Neither the plaintiff, Davis, or the defendants in the suit, having been parties to the suit before the justice of the peace, the plaintiff cannot object to the proceedings on account of the irregularities complained of. (Winston vs. Affalter, 49 Mo., 263 ; Hardin vs. Lee, 51 Mo., 241 ; Ellis vs. Jones, 51 Mo., 180.) The objection to the process of the Circuit Court, on account of the constable's return to the execution before the justice, is not available in this action. (Murray vs. Loften, 15 Mo., 62 ; Morton vs. Quinby, 45 Mo., 388 ; Waddell vs. Williams, 15 Mo., 216 ; Cabell vs. Grubbs, 48 Mo.; 353.)

*M. A. Low, with A. W. Mullins,* for Defendant in Error.

I. It has been held by this court that where there has been a defective foreclosure of a mortgage, the purchaser at the sale has sufficient color of title under the mortgage to defend ejectment against all except the mortgagee and those claiming under him. (See Jackson vs. McGruder, 51 Mo., 55 ; Jones vs. Mack, 53 Mo., 147; Honaker vs. Shough, 55 Mo., 472.) But these cases recognize the doctrine that a stranger to the mortgage cannot protect his possession under it. (Woods vs. Hilderbrand, 46 Mo., 284.) In the case at bar, the defendant, Taylor, was a stranger to the mortgage, if any ever existed. He did not purchase at a foreclosure sale. In point of fact, there was no sale under the foreclosure proceedings.

II. The court below committed no error in excluding the deed of the sheriff of Caldwell county to Tilton Davis. This sale was under a transcript which showed that the execution, issued by the justice who rendered the judgment, was prema-

turely returned, and 2,180 acres of valuable land in Caldwell county, worth at least $20,000, was sold by the sheriff and bought in by the attorney for the plaintiff in that judgment at the nominal sum of $13.50 (twenty-five cents per tract). The purchaser treated the sale as a nullity and subsequently made a quit-claim deed to the same lands, for a like mere nominal amount. (See Hann. & St. Jo. R. R. Co. vs. Brown, 43 Mo., 294, and authorities cited on 5th point of the brief of Messrs. Carr, Hale & Oliver.)

VORIES, Judge, delivered the opinion of the court.

This was an action of ejectment, commenced in the Common Pleas Court of Caldwell county, to recover a tract of land in the petition described.

The petition is in the usual form. The action was brought against William Taylor only, but, on his motion, the county of Caldwell was permitted to appear and become a party to the action.

The defendant, Taylor, filed a separate answer, in which he denied the allegations of the petition and also claimed that he was the owner of the land in fee.

Caldwell county also filed its separate answer, in which it, after denying the right or title of the plaintiff, as a second defense to the action, averred that on the 1st day of November, 1859, one James E. Johnson was the owner, in fee simple, of the land in controversy, and that on said day he borrowed of said defendant the sum of $416, which belonged to the school fund of school township, No. 9, in said county; and that said Johnson, at that time, executed to defendant, for the use of said school township, his bond, by which he promised, for value received, to pay the defendant, for the use aforesaid, said sum of $416 with interest thereon at the rate, etc., twelve months after date—which said bond was approved and filed by the County Court of said county; but that said bond was afterwards destroyed by fire, etc.; that at the time of the execution of said bond, said Johnson executed and delivered to said county a deed of mortgage, conveying to said

county the premises in question, which said mortgage recited said bond, and contained a condition to the effect that if default was made in the payment of the principal or interest due by said bond when the same became due, the sheriff of said county might, without any suit, proceed to sell the mortgaged premises or any part thereof to satisfy said bond, and make an absolute conveyance of said land to the purchaser, which should be as effectual as a sale under a judgment of foreclosure, etc.; that the said deed of mortgage was also burned and destroyed at the time the court house of said county was destroyed by fire in March, 1860; that said Johnson failed and neglected to pay the said sum of money due by said bond, or the interest thereon, when the same became due; that afterwards said county, by its agents, took possession of said land by virtue of said mortgage and delivered the possession thereof to the said defendant, Taylor; that afterwards, on the 3rd day of September, 1863, the said county commenced a suit in the Circuit Court of Caldwell county, against said Johnson, to recover said debt and to foreclose said mortgage, and on the 5th day of April, 1866; the said Circuit Court gave judgment against said Johnson, on said bond, for $731.36, and foreclosed the equity of redemption of said Johnson in and to said land, and ordered the same to be sold for the payment of said judgment and costs of suit; that an execution was issued on said judgment, and said lands by virtue thereof were sold, and said county of Caldwell being the highest bidder for the same, they were sold to said county for the price of $435; and that the balance of said judgment remains due and unpaid; that on the 25th day of March, 1868, said county sold and conveyed said land to said defendant, Taylor, by deed of that date, and delivered the possession thereof to him, and that he had ever since held the possession of said land under said county, etc.

This second defense set up by the answer of Caldwell county was stricken out on motion of the plaintiff on the grounds that it constituted no defense to plaintiff's action; and that the same matters could be shown in evidence under the deni-

als in the previous part of the answer. The defendant at the time excepted.

Issues were made on the second defense set up in the answer of the defendant, Taylor.

The case was tried without a jury. It was admitted by the parties, at the trial, that the land in controversy was entered from the United States by one John A. Miller ; that Miller conveyed said land to James E. Johnson, in 1858 or 1859.; that Johnson, on the 19th of April, 1869, made and delivered a deed of said land to plaintiff; that if plaintiff recovers in this action, his damages may be assessed at fifty dollars and the monthly rents and profits at ten dollars.

. The defendants, on their part, read in evidence, 1st, a quit-claim deed from Tilton Davis to the defendant, Taylor, for the land in controversy. 2nd, A deed made by Crosby John-son as commissioner of Caldwell county, dated March 25th, 1868, purporting to convey said land to defendant Taylor.

The last named deed was objected to by the plaintiff on the ground that Caldwell county had no interest in said land which could be conveyed. There is nothing in the record to show that the objection was ever disposed of.

The defendant next offered in evidence a deed made by the sheriff of Caldwell county, dated the 5th day of April, 1866, purporting to convey the land in controversy to Tilton Davis as the property of James E. Johnson. This deed recites that on the 6th day of September, 1862, one Stacey Bancroft (and other persons named) before one Charles McRea, a justice of the peace for Caldwell county, recovered against James E. Johnson a judgment for $119.38 ; that afterwards, on the 13th day of April, 1863–64, a transcript of said judgment was filed in the office of the clerk of the Circuit Court for said county and was then recorded and entered on the docket, etc. ; that by a certificate of said justice, filed in said clerk's office, on the 13th day of April, 1863, it appears that an execution issued on said judgment, directed to the constable of the proper township, against the goods and chattels of said James E. Johnson, which execution had been returned "not satisfied, no

goods or chattels of said defendant being found," etc.; that after said return, on the 9th day of March, 1865–6, an execution was issued by said clerk on said judgment or transcript and delivered to the sheriff, etc. The deed then proceeded in the usual form.

The plaintiff objected to the introduction of this deed, and for the purpose of showing that said deed was void and inadmissible in evidence, he offered in evidence the transcript filed by the justice in the clerk's office, together with the execution which had been issued thereon by the clerk of said Circuit Court and the return thereon, by which it appeared that the judgment was rendered by the justice, on the 6th day of September, 1862; that an execution was issued thereon on the 8th day of September, 1862, returnable in ninety days; that the execution was returned on the 5th day of December, 1862, showing that no property had been found by the constable on which to levy and make the money; wherefore, the execution was returned not satisfied. It also appeared by the recitals contained in the execution issued by the clerk; that the judgment had been rendered by the justice as it is hereinbefore stated, and that on the 13th day of April, 1863, a transcript of said judgment was filed in the office of the clerk of the Circuit Court of Caldwell county and recorded, etc.; that by the certificate of the justice, filed in said clerk's office on the 13th day of April, 1863, it appears that an execution issued on said judgment, directed to the constable of Rockford township, against the goods and chattels of said James E. Johnson, which said execution has been returned "not satisfied, no goods and chattels having been found whereon to levy the same. These are therefore to command," etc., "that if the goods and chattels," etc. The execution then concludes in the usual form.

The return on the execution shows that the sheriff levied on a number of tracts of land by virtue of said execution, including the land in controversy. It is also stated by the sheriff, in said return, that the plaintiff's attorney, Tilton Davis, directed the levy to be made, and that the property was sold,

and said Davis, plaintiff's attorney in said case, became the purchaser and receipted for the money made by the sale of the property.

The defendant objected to the introduction of said transcript, execution and return, as evidence in the cause; and his objection being overruled he excepted. The court thereupon excluded the sheriff's deed so offered in evidence by the defendant and he again excepted.

The defendant then offered and read in evidence, a certified transcript of a judgment rendered in the Circuit Court of Caldwell county which said judgment purported to have been rendered in a case wherein Caldwell county, to the use of school township. No. 9, in said county was plaintiff, and James E. Johnson, was defendant. In this judgment it is found that there is due from defendant Johnson to plaintiff, the sum of $731.36, and for the purpose of securing said debt said Johnson, on or about the first day of November. 1859, executed and delivered to plaintiff a mortgage in due form of law, conveying to plaintiff certain lands therein described, the same being the lands now in controversy; after which the judgment proceeded in the usual form, for the said sum above found to be due and to foreclose the equity of redemption in said Johnson in said land, and ordered the same to be sold, etc. The plaintiff, at the time, objected to the introduction of said transcript. This objection being overruled he excepted.

It was then admitted that the defendant, Taylor, was put into the possession of said land by said county. The defendants then offered in evidence several tax deeds by which the property in controversy purported to be conveyed to Tilton Davis. These deeds were excluded by the court, and the defendant excepted; but as no particular point seems to have been made in this court in reference to their exclusion, it will not be necessary to further set out their contents or purport.

Neither party asked for any declarations of law.

The court found the issues for the plaintiff and rendered judgment in his favor for the possession of the premises and

for the damages and rents and profits, as agreed on by the parties, in case of a finding for plaintiff.

The defendant filed a motion for a new trial, setting forth, as cause therefor, the rulings of the court excepted to. This motion being overruled, the defendants excepted, and appealed to this court.

The first ground relied on, in this court, by the defendants, for the reversal of the judgment is, that the Circuit Court erred in striking out the second defense set up to the plaintiff's action, by the answer of the defendant, Caldwell county. It is insisted, by the defendants, that the part of the answer stricken out, sets up a good defense to the plaintiff's action; that a mortgagee who is in possession either by himself or by others who hold under his authority, can successfully defend himself, in his possession, in an action of ejectment, even against the owner of the equity of redemption.

This proposition is generally true where the question arises between the mortgagor and the mortgagee, or those holding possession under the mortgagee, and where a forfeiture has taken place and the mortgage debt still remains unpaid. (Hubble vs. Vaughn, 42 Mo., 138; Honaker vs. Shough, 55 Mo., 472.)

In the case now under consideration, however, the plaintiff is not the mortgagor, but is admitted to be a purchaser from the mortgagor long after the execution of the mortgage to Caldwell county. There is no allegation in the answer, that the mortgage was ever recorded, or that the plaintiff had notice in any other way, of said mortgage. It was certainly necessary that the answer should have averred either that the mortgage was recorded or that the plaintiff had notice thereof at the time he purchased the land from the mortgagor. (Rhodes vs. Outcalt, 48 Mo., 367; Shumate vs. Reavis, 49 Mo., 333.)

It is insisted, by the defendant, that as it is admitted that defendant, Taylor, was in possession under the county of Caldwell, therefore it was not necessary that the plaintiff should have had notice of the mortgage, that the fact of the posses-

sion was sufficient to charge him with notice. This position is not tenable. There is no averment in that part of the answer stricken out, that the plaintiff knew that Taylor was in possession at the time of his purchase, and if there had been it would not have been sufficient. Under our statutes the mortgage should have been recorded or the plaintiff should have had actual notice of its existence, or of facts sufficient to lead to a knowledge of the fact by ordinary diligence, before he can be charged with notice. The fact that the land was in the possession of Taylor was evidence which, when taken with other circumstances, might authorize a jury to find that the plaintiff had actual notice of the mortgage, but still the fact of that notice was one to be found by the jury. (Beatie vs. Buller, 21 Mo., 313; Maupin vs. Emmons, 47 Mo., 304; Speck vs. Riggin, 40 Mo., 405; Vaughn vs. Tracy, 22 Mo., 415; Rhodes vs. Outcalt, 48 Mo., 367.) For the reasons aforesaid, the court committed no error in striking out the second defense in the answer of the defendant, Caldwell county.

It is next insisted in this court that the Circuit Court also erred in excluding the deed offered in evidence by the defendant, purporting to be the deed of the sheriff of Caldwell county conveying the land in controversy to Tilton Davis, the same having been levied upon and sold to said Davis as the property of James E. Johnson, long before the sale of the land to plaintiff by Johnson, by virtue of an execution and judgment against him, which said judgment had been rendered by a justice of the peace, and a transcript thereof filed in the clerk's office as directed by the statute.

It is not insisted that the sheriff's deed to Davis was deficient in its recitals, or that it was insufficient in its form to pass a title to the land, to the purchaser; but the plaintiff, in order to sustain his objection to the deed, offered in evidence the transcript of the judgment filed by the justice in the clerk's office, by which it appeared, by an entry made by the justice at the conclusion of his judgment, that an execution had issued on the 8th day of September, 1862, and was made returnable in ninety days, and which was delivered to John Wright, con-

stable, and then a further entry is made, to the effect that the execution was returned on the 5th day of December, 1862; that no goods or chattels were found, on which to levy and make the money, and the execution was therefore, returned not satisfied. Each of these entries was signed by the justice, and the judgment, with these entries, was certified by the justice.

The plaintiff also offered in evidence, the execution and return thereon, under which the land in question had been sold to said Davis, and upon which sale, the sheriff's deed was predicated. There was a memorandum made at the conclusion of the entry of the levy made on the execution, which memorandum purported to be the act of the sheriff, by which it appeared that the levy was made at the request of T. Davis, attorney for plaintiff. The sheriff also filed, with his return, a receipt purporting to be the receipt of said Davis as attorney for the plaintiff, for the money made on the execution. There was no proof made of the execution of the receipt. This entry, made by the sheriff, and the receipt of said Davis were offered to charge the attorney of the plaintiff who purchased the land with notice of all irregularities in the execution and sale, so as to avoid the sheriff's deed in the hands of said attorney in consequence of said irregularities. The evidence of the said entry and receipt was objected to by the defendant on the ground that the entry, so made by the sheriff, not having been made in a discharge of a duty imposed by law and the execution of said receipt not having been proved, they were incompetent evidence to prove that Davis was the attorney of the plaintiff in the execution.

The evidence was not competent for the purpose intended; at least, the execution of the receipt should have been proved to have made it competent evidence. But it could make no difference in this case, as the defendant, Taylor, who claims to have purchased this land from Davis, is a stranger to the judgment and execution. and it is not pretended that he had any notice of any irregularities in the execution, if there are any, at the time that he purchased the interest of Davis in

the land ; so that the sale, as it now stands, is to be treated as a sale to a stranger under the execution.

It is contended. that from the entry on the transcript from the justice's docket, filed in the clerk's office, it appears that the execution, issued by the justice, was made returnable in ninety days, when it further appears that it was returned on the 89th day after the day of its date, and that a sale made under an execution, issued upon such transcript, would therefore be void and confer no title on the purchaser. This position I think is not correct. It is true that in the case of Dillon vs. Rash (27 Mo., 243), it is held that where the execution issued to the constable, in such case, is returned before the return day thereof, it is not sufficient to authorize the clerk to issue an execution on the transcript filed, and that where in such case the clerk has issued an execution, it will be quashed on motion for that purpose; but Judge Scott, who delivered the opinion of the court in that case, remarked : "We are not prepared to say that a sale under an execution, founded on a return like that in the present case, would be regarded as a nullity in a collateral action, where the interests of third persons were involved."

In the present case the rights of third persons are involved and the irregularity cannot avail in this collateral action. It is true that the entries on the justice's transcript are not as full as they ought to be; but they are substantially sufficient to authorize the issue of the execution by the clerk. While the irregularity might be sufficient to quash the execution issued. or a sale made under it, if a motion for that purpose had been made in time ; yet where the property has got into the hands of an innocent purchaser, under a sale and sheriff's deed. made under such an execution, the execution not being absolutely void, the purchaser's title cannot be defeated in this collateral way. (Waddle vs. Williams, 50 Mo., 216; E. H. Norton, guardian. vs. Quimby. 45 Mo., 388; Ruby vs. Hann. & St. Jo. R. R. Co.. 39 Mo.. 480.)

It is also insisted that it appears that the land in question was sold at sheriff's sale for a mere nominal sum, and that the

court ought, therefore, not to uphold the sale. This, also, might avail, with other facts, in a direct proceeding to set aside the sheriff's sale and deed made in pursuance thereof, for some misconduct or fraud on the part of the sheriff or parties concerned. The smallness of the consideration does not, of itself, make the sheriff's deed absolutely void, so that it could be disregarded in a collateral proceeding. It follows that the sheriff's deed to Davis, was improperly excluded.

It is also claimed by the defendant that the court erred in excluding the deed purporting to have been executed by a commissioner of the county of Caldwell, conveying the land in controversy to defendant, Taylor. There is nothing in the bill of exceptions, to show that said deed was either read or rejected by the court; and if there were, there is nothing in the record showing any title in the county which it could convey. If it is true, as charged, that by a sale to Taylor, by the county, by virtue of a mortgage from James E. Johnson, said Taylor paid the consideration, and it was applied in payment of the mortgage debt against Johnson, in a proper case for that purpose, Taylor might be subrogated to the rights of the county, under the mortgage, to re-imburse him the money so advanced, but no such case is now before us.

For the reason that the sheriff's deed was improperly rejected, the judgment will be reversed and the case remanded; the other judges concur.