Drey v. Doyle.

## DREY v. DOYLE, *Appellant.*

1. **Practice**: INSTRUCTIONS. One cannot complain that the instructions given did not go far enough in his favor when he did not on the trial ask for instructions presenting the theory of the law contended for by him on his appeal.

2. **Conveyance**: PRIOR UNRECORDED DEED: ACTUAL NOTICE. The notice which will postpone a recorded instrument affecting real estate to a prior unrecorded deed must be actual notice. (R. S. 1879, sec. 693.)

3. ———— : ———— : ————. Such notice may be shown by direct evidence, or it may be inferred from facts and circumstances.

4. ———— : ———— : ————. The question is one of fact to be determined like any other fact, and any evidence tending to show knowledge of the prior unrecorded instrument is admissible as evidence of notice.

5. ———— : ———— : ———— : MEANS OF KNOWLEDGE. Where the subsequent purchaser is conscious of having the means of knowledge of an adverse claim and does not use those means of information, he ought to be charged with such information as a fair and reasonable pursuit of them would have disclosed.

6. ———— : ———— : ———— : INNOCENT PURCHASER. A purchaser with notice may protect himself under his purchase from his grantor, if the latter was a purchaser for value without notice.

7. **Purchaser for Value**: ASSUMPTION OF DEBT. The assumption by a grantee in the deed to him of the payment of an encumbrance due by the grantor constitutes the grantee a purchaser for value.

8. **Notice to Tenant to Quit**: WAIVER. Where a tenant places his objection to a notice to quit, which is irregular in respect to the time named for the expiration of the tenancy, on other grounds, he will be deemed to have waived the irregularity in the notice.

9.　**Practice** : OBJECTIONS TO EVIDENCE. Specific objections should be made in the trial court to the introduction of evidence.

*Appeal from St. Louis City Circuit Court.*—HON. AMOS M. THAYER, Judge.

AFFIRMED.

*Joseph Laurie* for appellant.

(1) Notorious and exclusive possession of realty by a third party, when known to a purchaser, puts him upon inquiry, and, in the absence of evidence showing a proper but ineffectual inquiry, the presumption or conclusion charging such purchaser with actual notice of the rights of the occupant becomes absolute. Notice is actual when the purchaser is either aware of the adverse claim, or is conscious of having the means of knowing, although he may not use them. R. S. 1879, secs. 691–2; *Maupin v. Emmons*, 47 Mo. 304 ; *Speck v. Riggin*, 40 Mo. 405 ; *Rhodes v. Outcalt*, 48 Mo. 367 ; *Hill v. Tisseur*, 15 Mo. App. 299 ; *Cornet v. Bertelsman*, 61 Mo. 118 ; *Masterson v. Railroad*, 5 Mo. App. 64 ; s. c., 72 Mo. 342 ; *Meir v. Blume*, 80 Mo. 179 ; *Mason v. Black*, 87 Mo. 329 ; *Kinealy v. Macklin*, 89 Mo. 444 ; *Roan v. Winn*, 93 Mo. 503 ; *Mayor v. Buckley*, 51 Mo. 231 ; *Sensenderfer v. Kemp*, 83 Mo. 581 ; *Lee v. Turner*, 15 Mo. App. 213 ; s. c., 89 Mo. 489 ; *Martin v. Jones*, 72 Mo. 23 ; *School District v. Taylor*, 19 Kan. 287 ; *Brinkman v. Jones*, 44 Wis. 498 ; *Williamson v. Brown*, 15 N. Y. 354 ; *Grimstead v. Carter*, 3 Paige, 421 ; *Knapp v. Bailey*, 79 Me. 195 ; Bispham's Equity, sec. 268. (2) Appellant is entitled to the same consideration in determining the legal effect of a possession known to the purchaser, as if he were holding under an unrecorded deed instead of a lease. This we find to be settled beyond dispute. 2 Pom. Eq., secs. 614, 618, 625 ; 2 White & Tudor Cases, cited in notes to *La Neve's*

Drey v. Doyle.

*Case*, 130 and 187; *Cunningham v. Pattee*, 99 Mass. 252; *Dickey v. Lyon*, 19 Iowa, 544; *Thompson v. Pioche*, 44 Cal. 508; *Edwards v. Thompson*, 71 N. C. 180; *Beattie v. Butter*, 21 Mo. 313; *Winfrey v. Work*, 75 Mo. 55; *Casey v. Steinmeyer*, 7 Mo. App. 558. (3) The registration act is for the protection of subsequent purchasers for value and without notice. It is, therefore, necessary that such purchaser, claiming the protection of the statute as against a prior unrecorded conveyance, should have paid a valuable consideration, and this fact must be shown by other evidence than the recital in the grantor's deed. The issue as to whether such party is a purchaser for value is to be determined by the jury and the burden of proof is upon the subsequent purchaser to establish it. *Keen v. Schindler*, 92 Mo. 516; *Aubuchon v. Bender*, 44 Mo. 360; *Davis v. Ownby*, 14 Mo. 176; *McCamant v. Patterson*, 39 Mo. 110; *Sillyman v. King*, 36 Ia. 207; 2 Sugden on Vendors, 580; 2 White & Tudor's Leading Cases, p. 106; 3 Washburn R. P. [5 Ed.] 343; *Shotwell v. Harrison*, 22 Mich. 410; *Watkins v. Edwards*, 23 Tex. 443; *Nolen v. Heirs*, 16 Ala. 725; *Bishop v. Schneider*, 46 Mo. 472; *Alexander v. Campbell*, 74 Mo. 142; *Allen v. Kennedy*, 91 Mo. 324. (4) When a thirty days' notice undertakes to name specifically the date of the termination of the tenancy, it should fix it as the last day of the current month, and not, as in this case, the first day of the following month, whereby a new month is allowed to be commenced. 2 Taylor on Land. & Ten., sec. 477; 1 Wash. Real Prop., p. 640; Wade on Notice, secs. 609 and 631; *Wilgus v. Lewis*, 8 Mo. App. 339; *Gunn v. Sinclair*, 52 Mo. 327.

*John R. Christian* and *David Goldsmith* for respondent.

(1) The evidence does not show that Nelson and plaintiff had actual notice of the lease. (2) In the circuit court the defendant's utmost contention was, and

he asked the court to give an instruction to the effect, that if defendant was in open, notorious and exclusive possession, and the plaintiff was aware thereof, these circumstances were evidence from which the jury might infer that the plaintiff had notice of the lease. Having done so, he should not now be heard to argue, that the jury were bound to make this inference, even if such an argument would otherwise have been maintainable. *Holmes v. Broadwood*, 82 Mo. 610; *Thorpe v. Railroad*, 89 Mo. 650; *Reilly v. Railroad*, 94 Mo. 600. (3) While actual notice must be shown, the evidence need not be direct and positive but may be circumstantial, that is, actual notice may be inferred from facts which would lead a man of ordinary prudence to discover it. *Masterson v. Railroad*, 5 Mo. App. 68; *Vaughn v. Tracy*, 22 Mo. 420; s. c., 25 Mo. 318; *Maupin v. Emmons*, 47 Mo. 307; *Jordan v. Pollock*, 14 Ga. 156; *Porter v. Levey*, 43 Me. 519; *Mara v. Pierce*, 9 Gray, 306; *Stafford v. Leck*, 7 Cal. 489. (4) A tenant's occupancy is not adverse to the landlord's, and, therefore, does not put a purchaser from the landlord on inquiry. Such a purchaser has the right to assume that the record shows all prior conveyances and agreements affecting the property sold to him, and, therefore, that there are none besides those shown by the record. It is only when the actual possession of the land is not consistent with the record title, that the purchaser can be said to have been put on inquiry, or that it can be said that there is constructive notice, or evidence of actual notice, as the case may be, of the unrecorded title of the person in possession. *Smith v. Yale*, 31 Cal. 184; *Pope v. Allen*, 90 N. Y. 303; *Quick v. Milligan*, 108 Ind. 423. (5) The recital in the deed of payment of the purchase money was *prima facie* evidence of payment. *Jackson v. McChesney*, 7 Cow. 360; *Wood v. Chapin*, 13 N. Y. 509; *Page v. Waring*, 76 N. Y. 469; *Fer. Co. v. L. G. & Co.*, 82 N. Y. 483; *Roll v. Rea*, 12 Atl. Rep.

907; *Holmes v. Stout*, 10 N. J. L. 419; *Baum v. Dubois*, 43 Pa, St. 265. (6) In the case of the conveyance of property by a debtor to defraud creditors, the weight of authority is that the recital of payment in the conveyance is *prima facie* evidence of payment as against the creditors. And yet the debtor, who has made the conveyance for the very purpose to defraud, has no right, in any way, to bind the defrauded creditors. *Brown v. Barter*, 10 Sm. & M. 273, 274; *Stockett v. Holliday*, 9 Md. 480; *Mayfield v. Kelgour*, 31 Md. 240; *Marden v. Babcock*, 2 Met. [Mass.] 104; *Splawn v. Martin*, 17 Ark. 146; Bump on Fraud. Conv. [3 Ed.] 594. And such was also the ruling in this state in *Gates v. Labeaume*, 19 Mo. 25, 26. (7) The provision in the deed to McNelson, and its acceptance by him, containing the provision for his assumption of an encumbrance of one hundred and thirty-five thousand dollars, constituted a contract by him to pay the encumbrance and one which is enforcible against him personally by the holder of the debt assumed. *Fitzgerald v. Barker*, 70 Mo. 685; *Heim v. Vogel*, 69 Mo. 529; *Jackson v. Winslow*, 9 Cow. 13; 2 Pomeroy's Eq. Juris. 206. (8) The notice to quit was sufficient. *Drey v. Doyle*, 28 Mo. App. 256. Besides the objection made to the notice, that it was irrelevant, immaterial and incompetent, was insufficient. *Ector v. Ins. Co.*, 32 Mo. App. 53; *Margrave v. Ausmuss*, 51 Mo. 561.

BLACK, J.—This is ejectment for a lot in St. Louis upon which there is a livery stable. Doyle, the defendant, leased the property from Mr. Lucas for a period of five years, the term ending the last of May, 1884. The lease, though in writing, was never recorded. The evidence tends to show that at the expiration of the lease the parties agreed upon a renewal for four years upon the same terms, except the rents were increased from seven hundred and twenty dollars to eight hundred and

forty dollars per annum, payable monthly. Defendant continued to occupy the premises, paying the agreed rental. By a writing, which was never recorded, bearing date June 21, 1884, but, in fact, executed not earlier than June 21, 1886, the lease was renewed for the further period of four years, thus reaching back and covering the two years for which there was no written lease.

Mr. Lucas conveyed this and other property to Mr. Nelson by a deed executed and recorded on the ninth of July, 1886. Nelson conveyed the undivided one-half to Hammitt, and these two persons conveyed the lot in question to plaintiff Drey, by a deed dated the fourteenth, and recorded the twenty-eighth, of July, 1886, for the recited consideration of twenty thousand dollars. Nelson and Hammitt were to have the July rents, which were collected by Turner, who was the agent of Mr. Lucas, and paid to them. This is the only evidence tending to show that they had any notice of the renewed lease. Turner had collected the rents for several years and he says he did not know that defendant had a written lease.

When plaintiff purchased, he evidently knew the defendant occupied the property as a tenant on some terms. He says he saw defendant at the stable after he had made the purchase and paid part only of the purchase money; that he told defendant of the purchase and asked the latter what rent he would pay; that defendant said he would pay the same he had been paying to Lucas, but not a cent more, unless better improvements were put upon the property; that defendant did not then claim to have a lease; and that he, plaintiff, first heard of the written lease after he had completed the purchase, and then through defendant's attorney.

Defendant says he told plaintiff of the lease in the conversation at the stable just mentioned; that plaintiff and another person came to the stable in the preceding

February to look at the property for a warehouse, and he then told them of his lease. This conversation is denied by plaintiff.

On this evidence the court gave a number of instructions, one of which is as follows:

"No. 6. By the term actual notice, as used in the instructions, the jury are not to understand that plaintiff and said Nelson must have actually seen the written renewal of said lease or been informed of its existence. Knowledge by them of facts, if they had such knowledge, as would put an ordinarily prudent person on inquiry as to the nature of defendant's title, and lead him to discover the truth respecting the same, is equivalent to actual notice. And the court further instructs you that the fact (if it be a fact) that the defendant was in the open, notorious possession of the premises in controversy at . the date of the respective purchases by plaintiff and Nelson, and that they were aware of such possession (if it appears that they were aware of such possession) is evidence tending to show actual notice of defendant's title."

The defendant takes the ground here that possession by him and knowledge thereof by these purchasers is actual notice to them of his renewed lease, and that the jury should have been so instructed in terms. The instructions asked by the defendant and refused by the court all proceed upon the theory that such possession and knowledge is evidence from which the jury could infer notice, and all this is embraced in the instructions given. Having asked no instructions presenting the theory of law now contended for, he is in no position to demand a reversal because the instructions given do not ·go as far in his favor as they might have gone.

But the part of the instruction in question goes far enough. According to our statute, "no such instrument in writing shall be valid, except between the parties thereto, and such as have actual notice thereof, until

the same shall be deposited with the recorder for record."
R. S. 1879, sec. 693. What, then, is *actual* notice within
the meaning of this act? This court said in *Vaughn v.
Tracy*, 22 Mo. 420: "The former (actual notice) was
actual knowledge or information; and the latter
(implied notice), facts and circumstances not amount-
ing to knowledge or information, from which the law
*conclusively presumes notice*, which it would not allow
to be controverted by contrary evidence. Actual notice,
like any other fact, might be proved by direct evidence,
or inferred from the facts and circumstances; but, how-
ever proved, whether by direct evidence or inferred from
other facts, it was actual notice, and clearly distin-
guished from implied notice. We think the legislature
here referred to *actual* notice as contradistinguished
from *implied* notice, both of which were well-known
terms in our law when the act was passed; and we all
concur in reversing the present judgment upon the
ground that possession is not, as the circuit court
seemed to suppose, as a mere matter of law, *actual
notice*, within the meaning of our recording acts."

That case came before this court again and is reported
in 25 Mo. 318. The plaintiff had been in possession of
a mill site with an acre of ground attached for eight or
ten years, claiming under an unrecorded purchase. The
defendant purchased a tract of which the mill site was a
part; he had never seen the land, but his declarations
were put in evidence to the effect that his grantor told
him plaintiff had a mill on the land, and would have to
move it now. The court in effect instructed that posses-
sion by one claiming to have previously purchased was
sufficient evidence of notice of such purchase, if the
possession was known to the subsequent purchaser at the
time of his purchase. The instruction was disapproved,
this court among other things saying: "The question
of fact for the jury was whether the defendant pur-
chased with 'actual notice' of the prior unrecorded

conveyance to the plaintiff; or in other words, whether he believed, when he bought the land, that his grantor had previously sold the mill tract to the plaintiff." And further on it is said: "But this possession and apparent ownership, even if brought home to the subsequent purchaser, do not constitute, in point of law, actual notice of the prior deed within the meaning of the statute. It is evidence of such knowledge, and under ordinary circumstances ought, I think, to satisfy a jury that the party purchased with knowledge of the prior deed."

*Maupin v. Emmons*, 47 Mo. 304, was an action of ejectment. Defendants were in possession under an unrecorded deed from Hammack. Plaintiffs claimed under a purchase upon execution against Hammack, and there was evidence tending to show that one of the plaintiffs knew defendants occupied the farm as owner. The court said: "The actual notice required by the statute is used in contradistinction to the constructive notice given by a record. It does not mean there must necessarily be direct and positive evidence that the subsequent purchaser actually knew of the existence of the deed. Any proper evidence tending to show it—facts and circumstances coming to his knowledge that would put a man of ordinary circumspection upon inquiry—should go to the jury as evidence of such notice." The same doctrine is asserted in *Shumate v. Reavis*, 49 Mo. 333 and in *Whitman v. Taylor*, 60 Mo. 127.

"Notice," it has been said, "may be either actual or constructive. It is actual when the purchaser either knows of the existence of the adverse claim or title, or is conscious of having the means of knowledge, although he may not use them. Constructive notice is a legal presumption, and will be conclusive unless rebutted, and in many cases it cannot be gainsayed or denied even by evidence of the absence of actual knowledge or notice." *Speck v. Riggin*, 40 Mo. 405; *Rhodes v.*

*Outcalt*, 48 Mo. 367.    Some confusion has arisen in the use of the words *actual, presumptive* and *constructive* in defining notice. This confusion in the use of the terms is now generally noticed by the text-writers. 2 Pom. Eq. Jur. 593. According to some authors and courts notice is *actual* or *constructive;* and actual notice is divided into *direct* or *positive* and *indirect*, implied or *presumptive* notice; the difference between *presumptive* 'notice and *constructive* notice being that the former is an inference of fact which is capable of being explained or contradicted; while the latter is a conclusion of law which cannot be controverted. Bispham's Prin. of Eq. [3 Ed.] sec. 268. This division furnishes a satisfactory explanation of the use of the terms.

Now from the line of former adjudications of this court it is plain to be seen that the notice which will postpone a recorded instrument, affecting real estate, to a prior unrecorded one, must be actual notice. Such notice may be shown by direct evidence; or it may be inferred from facts and circumstances. The question is one of fact, and is to be determined like any other fact. Circumstances coming to the knowledge of the subsequent purchaser, which would put a prudent person upon inquiry, should go to the jury as evidence of notice. In short any evidence tending to show knowledge of the prior unrecorded instrument should be received as evidence of notice. The inference to be drawn from the facts and circumstances is one of fact and not of law. Possession and knowledge thereof will, in ordinary cases, be good proof of notice of the title under which the party in possession claims. Such evidence, under other circumstances, will be of little value. While there is, in this case, evidence showing that these subsequent purchasers knew defendant occupied the property as a tenant on some terms, there is other evidence from which they might well have concluded that he had no written lease, and was, under our statute, a tenant from month to month.

We are cited to cases which hold that possession is "constructive" notice to the subsequent purchaser of the title, under which the person in possession claims. But, placing no stress upon the different wording of the statutes in some of these cases, they are not in accord with the rulings of this court. The recording act is based upon a principle of sound policy, and ought not to be frittered away by new departures. The old ones go quite far enough. The recording act is designed to protect persons who act in good faith, and ought not to be made the means of committing a fraud. If the subsequent purchaser is conscious of having the means of knowledge of an adverse claim and does not use these means of information, he ought to be charged with such information as a fair and reasonable pursuit of them would have disclosed. He may not shut his eyes to circumstances which would put a prudent person upon inquiry. All this, we conclude, is asserted in the instruction given most favorably to the defendant.

The defendant asked, and the court refused, the following instruction: "Number 10. The court declares the law to be, that the registration act is for the protection of *bona fide* purchasers, and, to entitle Nelson, who purchased, by deed, from Lucas, July 9, 1886, to such protection against an unrecorded lease, he must have paid a valuable consideration for the property, and this fact must be proven by other testimony than the mere recital of the deed that such consideration was paid."

This instruction is material only in the event that the plaintiff is found to have been a purchaser with notice. If he was a purchaser with notice, he may protect himself under the purchase from Nelson, if the latter was a purchaser for value without notice. The only controverted question presented by the instruction is whether the deed to Nelson is evidence of the payment by him of a valuable consideration, for there was

no other evidence upon that subject.   This deed recited that Nelson had paid to Lucas in hand two hundred and twenty-five thousand dollars, and contains the further statement that the grantee assumed the payment of an encumbrance on the property, evidenced by a deed of trust, amounting to one hundred and thirty-five thousand dollars, as part of the purchase price.   The assumption of debt due by the grantor, it is held in New York, is a valuable consideration under the recording act of that state. *Jackson v. Winslow*, 9 Cow. 13; 2 Pomeroy Eq. Jur., sec. 747.   There was here an irrevocable agreement, on the part of Nelson, to pay the encumbrance, and that of itself constituted him a purchaser for value.   The instruction was properly refused on this ground, and the question made, whether the mere recital of payment in this deed is evidence of payment, becomes an immaterial one.

Finally, it is insisted that the notice to quit is defective, because it directed defendant to yield up possession on the first of September, 1886, instead of the last day of August, of that year.   The rents became due on the first day of each month.   The notice to quit bears date the thirtieth of July, 1886.   It begins by saying:   "Pursuant to the statute, in that behalf provided, I hereby give you thirty days' notice, in writing, of my intention to terminate your tenancy," and, after describing the premises, concludes, "and I require you to surrender up possession of said premises on the first day of September, 1886, pursuant to this notice."   On the service of this notice, defendant addressed plaintiff a letter, saying, in substance, "I hold a lease from Mr. Lucas, which terminates May 30, 1888, and it is my intention to retain possession until that time."

Conceding, for the purposes of this case, that the notice should have required defendant to quit on the last day of the rental month, which was the last day of August, still, excepting BARCLAY, J., we are of

the opinion that defendant waived the irregularity. Taylor says: "Although the notice be irregular, in respect to the time named for its expiration, yet, if the tenant, at the time of the delivery of the notice, assents to the terms of it, his assent will waive the irregularity." 2 Taylor on Landl. & Tenant, sec. 478. Here the defendant, by his letter, written on receipt of the notice, places his right to retain possession alone on the ground that he had a lease from Lucas, which would not expire until May 30, 1888. This, we think, was a waiver of the irregularity.

Besides this, when the notice was offered in evidence, it was objected to, because irrelevant, immaterial and incompetent. No other objection was made. The objection made in this court is specific, and the objections made in the trial court are too general to entitle it to be heard here. The specific objections should have been made in the circuit court. *Shelton v. Durham*, 76 Mo. 436. We see no reason for disturbing the judgment, and it is, therefore, affirmed. RAY, C. J., absent; the other judges, save as before stated, concur.