NATHAN A. WINTERS, Respondent, *v.* THE HANNIBAL AND ST. JOSEPH RAILROAD COMPANY, Appellant.

1. *Damages—Negligence—Practice—Instructions.*—In an action against a carrier for injuries to a passenger caused by the negligence of the carrier, the court should not give instructions upon the subject of plaintiff's contributory negligence unless warranted by the evidence. Where the evidence showed that the passenger was injured while sitting in his seat in a railroad car and resting his head on his arm, which rested on the window-sill of the car, by the car coming in contact with the corner of a wrecked car which had not been sufficiently removed from the track; *held,* that there was no proper case made by the evidence for instructions upon the subject of contributory negligence.

2. *Damages—Negligence—Evidence.*—In an action for damages to the person of plaintiff caused by the negligence of defendant, the plaintiff may show his condition and situation in life and that of his family to enable the jury to estimate the amount of damages.

*Appeal from Livingston Circuit Court.*

The plaintiff moved the court to instruct the jury as follows :

1. If the jury find from the testimony that the train in which plaintiff was riding was stopped in consequence of a car or cars being off the track, and that defendant, by its agents or servants, moved said car or cars off the track, or caused it to be done, but left the same so near the track of the road that it came in collision with or scraped against the car in which plaintiff was riding, and that plaintiff was injured thereby, the jury must find for the plaintiff, unless they further find that at the same time of the injury plaintiff was guilty of a want of ordinary care and prudence, which directly contributed to the injury.

2. It was no want of ordinary care and prudence on the part of the plaintiff to have had his elbow or arm on the window-sill ; and if the defendant, by its agents or servants, left the wrecked car or cars nearer the track than heavy objects were ordinarily permitted by the company to remain, and so near that the passengers on the train in which plaintiff was riding were liable to have their arms caught if lying

out of the windows, and that defendant, by its agents or servants, failed to give such notice to the plaintiff as to put him effectually on his guard, and that plaintiff was injured by having his arm caught or struck by such wrecked cars, or by the same coming in collision with or scraping against the car in which the plaintiff was riding, the jury must find for the plaintiff; yet if the jury find that plaintiff's arm or elbow projected out of the window at the time of the injury, it is a circumstance from which they may infer a want of ordinary care on his part.

3. If the jury find from the testimony that the defendant, by his agents or servants, left a wrecked car so near the track as to endanger the safety of the passengers on the train in which plaintiff was riding; and they further find that plaintiff, while on defendant's train, was injured in passing it, the jury must find for the plaintiff, unless they also find that plaintiff had timely notice of such increased danger prior to the injury, and that after so having notice plaintiff was guilty of a want of ordinary care and prudence which directly contributed to the injury.

4. The plaintiff was not bound to select a seat so as to incur the least hazard; he need only to have been, at the time of the injury, where it was prudent for him ordinarily to be, to entitle him to recover for an injury produced by the slightest negligence of defendant.

5. If the jury find from the testimony that defendant, by its agents or servants, in the matter of moving the wrecked car from the road, or in running the car in which plaintiff was riding, thereby failed to exert the utmost care and vigilance to secure the safety of the passengers; or that defendant, by its agents or servants, was guilty of the slightest negligence, and that plaintiff was injured by such failure or negligence, they must find for the plaintiff, unless they further find that plaintiff by a want of ordinary care and prudence directly contributed to the injury.

6. If the jury find for the plaintiff, they will assess his damages at such sum, not exceeding ten thousand dollars,

as the jury may believe from the testimony the plaintiff has sustained ; and in estimating the damages the jury may take into consideration plaintiff's condition in life, his pursuits and the nature of his business, the bodily pains and sufferings resulting from his injuries, as well as his loss of time, expenses of cure, and the direct pecuniary loss, past and prospective, from the privation of the full use of his arm ; but, in estimating any prospective future loss, the jury must be governed by the evidence, and not by mere speculation.

Which the court gave, and defendant excepted.

At the instance of defendant, the court instructed the jury as follows :

1. To entitle the plaintiff to recover in this action, the jury must be satisfied from the evidence that plaintiff was injured through the negligence of defendant or its agents.

2. If the jury believe from the evidence that negligence or want of ordinary care on the part of plaintiff contributed in any degree to the injury of plaintiff, he cannot recover.

3. To entitle the plaintiff to recover, the jury must be satisfied from the evidence, not from speculation, that the negligence of defendant, or his agents or servants, alone caused the injury sued for.

4. Defendant only contracted to carry the plaintiff safely while he kept within the car of defendant.

5. If the jury find for plaintiff, they will find for him the actual damage sustained by him in consequence of the injuries the jury may believe from the evidence he received, but they will not find vindictive or exemplary damages.

6. If the jury believe from the evidence that the plaintiff knew the condition of the wreck in proof, and, so knowing, permitted his arm to rest on the window-sill of the car in which he was passenger at the time said car was passing said wreck, in such way that his arm projected outside of said car, then he was guilty of such negligence as will prevent his recovery in this case, provided the jury believe from the evidence that plaintiff was injured by said wreck striking or rubbing the car in which plaintiff was passenger.

The defendant moved the court to give the following instructions:

. 1. If the jury believe from the evidence that the plaintiff sustained the injury sued for by reason of the position of his body, and his having his arm projecting outside of the window of the coach in which he was riding at the time of receiving said injury, they will find for the defendant, notwithstanding they may believe from the evidence that the defendant suffered a wrecked car to remain so close to the track of defendant's road that said coach could not run by said wrecked car without being scraped by said wrecked car, and that plaintiff would not have sustained said injury if said wrecked car had not been suffered to remain so close to said track.

2. If the jury believe from the evidence that plaintiff's arm and elbow were outside of the window of the car when the injury sued for was received, it was an act of negligence on the part of plaintiff, and he cannot recover for said injury.

Which the court refused, and defendant excepted.

*Carr*, and *Hall & Oliver*, for appellant.

I. The court below erred in allowing the witness, Dr. Warren Johnson, to state the number of children the plaintiff had, or to state upon whom his family was dependent for support. The evidence was incompetent and irrelevant, besides unfair to the defendant, because it was calculated to mislead the jury and induce them to assess the damages much higher than they would otherwise do. The evidence was not proper to go to the jury on the question of damage, or any other issue presented by the record; it was wholly inadmissible—Shaw v. Boston, &c. R.R. Co., 8 Gray, 45; 4 Gray, 333; 8 Barr. 481; Lincoln v. Saratoga & Sch. R.R. Co., 23 Wend. 424.

II. The court below erred in giving the 2d instruction for plaintiff, because in it the court decides what was not ordinary care, and virtually takes the question from the jury. It was the province of the jury to determine the question of

negligence or want of ordinary care on the part of the plaintiff from the facts proved in the cause, and not for the court to decide the question as one of law—19 Cow. 566; 2 Am. Railw. Cas. 115; 2 Redf. on Railw. 331, 394; Kennedy v. N. Mo. R.R. Co., 36 Mo. 364; Boland et ux. v. N. Mo. R.R. Co., 36 Mo. 491; 37 Mo. 247; Holbrook et ux. v. Utica & Sch. R. Co., 2 Kern. 236; 49 Penn. Stat. 60; 15 N. Y. 380; 22 N. Y. 191; 13 N. Y. 526; 24 How. Pr. 97; 24 N. Y. 430; 1 Allen, 187; 18 N. Y. 422; 25 Barb. 600; 13 Barb. 9.

III. The verdict of the jury was glaringly against the evidence and the weight of evidence in the cause, and therefore the court below erred in overruling the motion to set aside the verdict and grant a new trial.

IV. The defendant was entitled to the opinion of experts in the structure of cars; on the nature of motive power, and in running and conducting trains on the Hannibal and St. Joseph railroad; and on the facts and circumstances, proved in the cause, as to the probability of plaintiff having been injured in the manner described in his petition if he had kept his arm and head inside of the car in which he was riding. The court below therefore erred in refusing to permit witnesses McEntyre and Tower to state their opinion on that point—1 Greenl. Ev. § 440, and note; Redf. on Railw. 144, and notes; Neis v. Brown, 38 Eng. Com. L. R. 352; Mattoon v. Nesbit, 12 id. 51.

V. The instructions given for the respondent are inconsistent—Wood v. Steamb't Fleetwood, 19 Mo. 529. The instructions given for the respondent are contradictory to those given for the appellant—Schneer v. Lemp, 12 Mo. 142.

The respondent's own conduct contributed to his injury, and he in consequence thereof cannot recover, although the appellant was likewise guilty of negligence—Ernst. v. Hudson Riv. R. Co., 24 How. 97; Gahagan, Adm'x. v. Boston & L. R. Co., 14 Wend. 187; Wild v. Hudson Riv. R. Co., 24 N. Y. 430; Stevens v. Oswego & Syr. R. Co., 18 N. Y. 422; Brooks v. Buff. & Niag. F. R.R. Co., 25 Barb. 600; Harding v. N. Y. & Erie R. Co., 13 Barb. 49.

*Vories, Shanklin,* and *Richardson,* for respondent.

I. The evidence to prove the number of plaintiff's children was withdrawn; and if it had not been, it has done the defendant no injury, as the whole case was properly submitted to the jury in reference to the damages, so that no injury could have resulted to the defendant even if the evidence was improper, and therefore the case ought not to be reversed—R. C. 1855, p. 690, § 5. This evidence was virtually withdrawn from the jury by the instructions as to the damages—Knox v. Hunt et al., 18 Mo. 174; 1 Kern. 416.

II. The evidence offered by the defendant to prove the opinion of witnesses in reference to the cause of the injury was properly excluded. The opinion of experts are only admitted when deduced from facts of which the witness' profession or trade gives him a peculiar knowledge—Smith v. Gugerty, 4 Barb. (S. C.) 614; Haye v. Edwards, 4 Barb. (S. C.) 256; Livingston v. Cox, 8 Watts & S. 61; 1 Greenl. Ev. § 440; 1 Denio, 281. In this case the evidence asked for was not peculiar to any profession or trade, but common to all sensible men.

III. The instructions given by the court properly presented the case to the jury, telling them what was contributive negligence as a mixed question of law and fact, so that they would have no difficulty in finding a proper verdict—Bridge v. Grand Trunk Railw. Co., 3 Mees. & W. 244; Stokes v. Saltonstall, 13 Pet. 181; Marriatt v. Stanly, 1 Mann. & Gr. 568; Butterfield v. Forester, 11 East. 60; 2 Greenl. Ev. p. 310, and n. 1, § 220.

IV. The 2d instruction, when all construed together, only fairly tells the jury what constitutes ordinary care; or, in other words, gives them a definition of the term "ordinary care," which was proper. In doing this, the court had a right to hypothecate certain facts, and then tell the jury that such facts, unsupported by other evidence, did not amount to want of ordinary care, and leave it to the jury to find whether any facts existed which would constitute negligence,

the question being a mixed question of law and fact—Foot v. Wiswall, 14 Johns. 304; Hartfield v. Roher, 21 Wend. 615.

V. The court properly refused the defendant's last two instructions, as the law had been well given in the other instructions, and as they did not contain good law, and hence its motion for a new trial was properly overruled.

VI. In this case negligence was presumed by the injury to plaintiff, and still by the instructions of the court the *onus* was placed on the plaintiff to prove the negligence of defendant; and if with this disadvantage the jury has found for plaintiff, the judgment ought not to be reversed—Holbrook et ux. v. Utica & Sch. R.R. Co., 16 Barb. 113; Hageman v. Western R.R., 16 Barb. 353, and cases cited; Smith v. Han. & St. Jo. R.R. Co., 37 Mo. 287; Redf. on Railw. 323 et seq., and cases cited.

HOLMES, Judge, delivered the opinion of the court.

The plaintiff sued for damages for an injury to his person, while riding as a passenger on the defendant's railroad, occasioned by the negligence and unskilfulness of the officers and agents in running, managing and conducting the train of cars, and in negligently suffering a wrecked train of freight cars to remain upon the side of the railroad so near to the track that the passenger train in passing came in contact therewith, whereby the plaintiff was seriously bruised, and his arm broken and permanently disabled.

The answer denied all negligence, and averred carelessness in the plaintiff in negligently thrusting his elbow out at the window and resting his head on his arm against the window, and sitting in a careless position.

A verdict was rendered for the plaintiff for $2,500 damages, and the defendant brings this case up by appeal.

The evidence fully sustained the allegations of the petition, and showed a case of gross negligence on the part of the officers conducting the train in attempting to run the train by the obstructions before they had been removed suf-

ficiently out of the way to avoid a collision with the passenger cars. The defendant failed to show any negligence whatever on the part of the plaintiff. He was simply resting his elbow on the window-sill, and his head upon his arm, sitting in a natural and not unusual position in his seat in the car, apparently unsuspecting of any danger. The car suddenly came in contract with a corner of the wrecked freight car, crashing against the window of the passenger car where the plaintiff was sitting and inflicting the injuries complained of. We do not think the evidence presented a proper case for instructions on the subject of contributory negligence.

The instructions which were given for the plaintiff appear to have been entirely correct, and more favorable for the defendant than he was entitled to expect.

In the refusal of the instructions which were refused for the defendant we find no error ; the evidence did not warrant the giving of such instructions ; there was nothing in it which could properly be said to show any negligence that produced or contributed to produce the accident and injury. The negligence of the defendant's agents was manifestly the sole cause of the accident.

On the trial, the plaintiff's counsel asked the witness how many children the plaintiff had ; he answered, " six." The defendant then objected to the admission of this testimony, and his objection was overruled and an exception taken. The plaintiff thereupon withdrew the question and answer. The defendant insists here that he was prejudiced by this evidence. Even if this testimony had been inadmissible, it was withdrawn from the consideration of the jury ; and any impression it may have made upon their minds would be an insufficient ground for setting aside a verdict and judgment. But we are of the opinion that it was competent evidence in a case like this ; not that the fact itself would be a ground of damages, but that it was proper to show the condition and situation in life of the party injured, by way of enabling the jury to estimate the amount of damage done to him. His arm was crippled for life, and both he and his family were

dependent, in some measure at least, upon his labor for their support. It is not objected that the damages are excessive, and they would appear to have been moderate enough. We do not think there is any ground here for reversing the judgment.

The defendant further insists upon his exception to the exclusion of the opinion of a witness of the defendant as to whether or not " the plaintiff would likely have received the injury he did if his arm and elbow had been inside the car." To this it is sufficient to say that the opinions of the witness were not admissible at all. The ground taken, that it was the opinion of an expert, is merely futile. The answers could have been nothing more than any man of common sense would know as well as the witness without any proof at all. We discover no ground whatever for disturbing the judgment.

Judgment affirmed. The other judges concur.