### IN

# THE SUPREME COURT

#### OF

## THE STATE OF MISSOURI.

#### JULY TERM, 1874, AT JEFFERSON CITY.

---

SAMUEL WORKMAN, Appellant, *vs.* COLLINS C. CAMPBELL, Respondent.

1. *Contract—Subscription, alteration of—Ratification.*—Where the amount of an original subscription was altered·by a third party, a subsequent ratification would be equivalent to a previous authorization of the change.
2. *Subscription—Alteration—Consent—Burden of proof.*—In a suit on a contract of subscription, where the defense was an alteration without defendant's consent, of the amount subscribed, the *onus* would rest on plaintiff to prove that defendant placed opposite his name, or·consented to have placed, the sum sued for.

### Appeal from Johnson Circuit Court.

*Crittenden & Cockrell*, for Appellant.

*Phillips & Vest*, for Respondent.

WAGNER, Judge, delivered the opinion of the court.

A statement of this case will be found in 46 Mo., 305 when it was reversed, having been decided in favor of the defendant upon demurrer, the court being of the opinion that if he had a defense it should have been taken by answer.

When the case went back to the Circuit Court, the defendant filed his answer under oath, denying that he had executed the writing sued upon, stating that the original subscription was for fifty dollars, and that the sum of two hundred dollars for which the action was brought was not subscribed by him. He further alleges, that his name was obtained by false and fraudulent representation; that the subscription was for an illegal and corrupt purpose, and that there was a combination on the part of the plaintiff and others to cheat and defraud him. The case was submitted to the court without a jury, and after hearing the evidence a verdict was found for the defendant. There was evidence on each side tending to prove the issue presented, and therefore, the only question for us to determine, is, whether the court properly declared the law.

The first instruction asked by and given for the plaintiff, was in accordance with the law as laid down by this court when the case was here before. The second and third instructions were refused.

The second states that it is admitted, that the defendant signed his name for $50 to the paper, and that the subscription shows $200 opposite his name; and if the court believe from the weight of evidence that the defendant did subscribe opposite his name $200; or if the court believe from the weight of evidence that defendant did not subscribe opposite his name $200, but a less sum, and further believes that afterwards, said amount was raised to $200 and that that fact was made known and stated to him, and that he was requested to pay that sum, and promised to pay it, then that was on his part a ratification of any alteration or change made and was binding upon him.

The third instruction declares, that defendant having signed his name to the subscription paper and there being placed opposite his name the sum of $200, the presumption of law, is, that he placed said sum opposite to his name, and if that was not the true sum it devolved upon him to show to the satisfaction of the court, that an alteration was made

without his consent, and that in considering the truthfulness of the subscription, the court should take into consideration the preponderance of the evidence, the circumstances under which it was made, the capacity of the defendant to make the subscription, and the interest he had in making it, etc.

At the instance of the defendant the court gave three instructions:

First—That it devolved upon the plaintiff, to prove that the defendant placed, opposite his name to the subscription, the figures, $200, or that he authorized the same to be done, and unless he proves the same to the satisfaction of the court the verdict should be for the defendant.

Second—If the court believes from the evidence that after defendant signed the subscription, and placed a sum opposite his name, as the amount thereof, the amount was altered without his knowledge or consent, then plaintiff was not entitled to recover.

Third—Although the court should find from the evidence that defendant did place opposite his name on the subscription paper the figures $200, and that the plaintiff did afterwards expend and pay out to the directors of the Pacific Railroad money in securing the location of the depot, on the land of the plaintiff, yet if the court finds from the evidence, that the plaintiff by himself or others, used such money to improperly influence the action of the directors of the road in locating the depot upon plaintiff's land instead of elsewhere, then the plaintiff cannot recover for his services or money thus employed or used.

The third instruction refused, was so palpably erroneous that it requires no argument to sustain the action of the court. The second was unhappily framed and obnoxious to criticism. There is no doubt that a subsequent ratification would have been equivalent to a previous authorization, in relation to changing the amount of the subscription. But this principle was fairly and clearly stated in the instruction of the defendant and that was sufficient. We see no objections to the instructions given for the defendant, when we consider that

the signing was denied under oath ; and the case seems to have been fairly submitted.

Judgment affirmed ; the other judges concur.