Shelton v. Durham.

SHELTON *et al.*, *Appellants*, v. DURHAM.

1. **Action against Sureties:** PLEADING. In an action against the sureties in a bond conditioned to secure the faithful performance of a building covenant contained in a lease, averments in the petition of breaches of other covenants of the lease are properly stricken out.

2. **Objections to Evidence:** THE RECORD. This court will not consider objections to evidence unless the record shows the specific grounds upon which they are based.

3. **Construction of a Pleading.** In an action on a bond for breach of covenants of a lease, the lessee's answer averred that after the lease had been signed and delivered and before he had secured possession of the premises, he learned of certain defects in the lease, and that he refused to receive the lease, and would have rescinded it, but plaintiffs agreed with him that if he would accept it, they would remedy the defects. *Held*, that these averments were susceptible of the construction that the lease was never accepted except upon the condition that the defects should be remedied.

4. **New Trial for Variance.** To obtain a new trial on the ground of variance between the pleadings and the proof, a party must show by affidavit not only that he was misled but also in what respect he was misled.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Cline, Jamison & Day* with *H. A. Haeussler* and *Peter E. Bland* for appellants.

*A. R. Taylor* for respondents.

NORTON, J.—This suit was brought in the St. Louis circuit court, by appellants, against John F. Durham, as principal, and James Luthy and Henry F. Vahlkamp's administrator, as sureties on a bond executed by them to said appellants, dated November 11th, 1872, for $15,000, conditioned as follows: " Whereas, the said Jno. F. Durham has covenanted and agreed to erect at his own cost and expense, within ten months, a good and substantial building, to be worth $15,000, as specified in the foregoing lease; Now, if said John F. Durham shall, within ten months, erect the said good and substantial building, worth a least $15,000, on said premises as specified in said lease as aforesaid, and shall pay for the same, so that no mechanic's lien will be filed against said premises, then said bond to be null and void; otherwise to remain in full force and virtue."

Plaintiffs allege in the petition the execution and delivery to defendant Durham of a writing leasing to him a lot in the city of St. Louis for the period of ten years, containing certain covenants on the part of said Durham and among them one which bound him to erect and build on the leased premises a good and substantial building within ten months from the 11th day of November, 1872, of the value of $15,000; which at the termination of the lease was to belong to plaintiffs. It is also averred that said Durham had not only failed to perform said building covenant but also others mentioned in said lease, whereby it became terminated and an action accrued to plaintiffs on the bond in suit.

In order to prevent further reference to it, it may here be observed that the court, on defendant's motion, struck 1. ACTION AGAINST SURETIES: pleading. out all that part of the petition relating to the non-performance of all covenants except the one relating to the erection of said building. This action was entirely proper as defendants had only bound

themselves in the bond sued upon to be answerable for the non-performance of the building covenant.

Defendant Durham answered separately that after said lease had been signed and delivered, and before he secured possession of the leased premises, he learned that it was not properly nor legally executed by Mrs. Rives, one of the lessors and a married woman, and that Frank G. Shelton, another of the lessors, was a minor, and that he refused to receive said lease, and would have rescinded the same, but plaintiffs agreed with him that if he would accept said lease, they would cause it to be executed properly by Mrs. Rives, and would also execute a bond of indemnity against all damages that might be sustained by reason of the minority of said Shelton; that said lease was never legally executed by Mrs. Rives nor said bond of indemnity ever given, and that the bond in suit was without consideration.

The other two defendants answered jointly setting up substantially the same defense.

On the trial defendants obtained judgment, from which plaintiffs appealed to the St. Louis court of appeals, where the judgment was affirmed, and from which plaintiffs have appealed to this court. It is insisted that the court erred in giving and refusing instructions and in admitting evidence.

The defendant Durham was put upon the stand as a witness, and his evidence in relation to the agreement of **2. OBJECTION TO EVIDENCE: the record.** plaintiffs to have Mrs. Rives properly execute the lease and the indemnifying bond, was objected to, which was overruled, and the evidence received. The record before us does not show the specific grounds, or any grounds whatever, upon which the objection was based, and according to repeated rulings of this court objections to evidence will not be considered unless the objection shows the specific grounds on which they are based. *Primm v. Raboteau,* 56 Mo. 407; *Margrave v. Ausmuss,* 51 Mo. 566, and cases there cited.

The court gave for plaintiffs an instruction to the effect

that if the jury believed from the evidence that the lease
3. CONSTRUCTION OF    read in evidence was signed by the parties
A PLEADING.               thereto, and delivered to the defendant Dur-
ham, and that he accepted the same unconditionally and
entered into possession of the leased premises, and that
said lease had terminated by forfeiture or otherwise, and
that Durham had failed to erect the house mentioned in
said lease, they would find for plaintiffs.

The court, of its own motion, then gave the following:
If the jury find from the evidence that prior to the accept-
ance of the lease read in evidence by the defendant Dur-
ham, and prior to the delivery of the bond sued upon to
the plaintiffs, the plaintiffs agreed with defendant Durham
that they would thereafter cause said lease to be properly
executed by the plaintiff Gillie S. Rives, and her husband,
and would give a bond of indemnity against F. G. Shel-
ton disaffirming said lease upon his coming of age, and
that defendant Durham accepted the lease in question,
and entered into possession of the premises and delivered
the bond now in suit upon such conditions, and that
plaintiffs never did, in fact, comply with such conditions,
by causing said lease to be further executed by Gillie S.
Rives and her husband, and said bond to be given, then
the plaintiffs cannot recover on said bond ; but the burden
of showing that the lease was accepted, and said bond de-
livered upon such conditions, and that such conditions were
not complied with, rests upon defendant, and the jury must
be satisfied of said facts by competent evidence.

These instructions, we think, embraced the case made
in the pleadings and evidence.   The answer is susceptible
of the construction evidently put upon it by the trial
court, viz: that the defense relied on was that the lease
was never accepted except upon the conditions mentioned
in the instructions given by the court of its own motion.

It is also insisted that the court erred in not granting
a new trial on the ground of variance between the plead-

**4. NEW TRIAL FOR VARIANCE.** ings and proof. It has been held by this court that before such ground can be made available, the party relying upon it must show by affidavit not only that he was misled, but also in what respect he had been misled, and such is the plain reading of the statute. R. S., § 3565 ; *Wells v. Sharp*, 57 Mo. 57 ; *Fischer v. Max*, 49 Mo. 405 ; *Turner v. R. R. Co.*, 51 Mo. 503. The affidavit filed did not come up to these requirements.

Judgment affirmed, in which all concur.