THE BANK OF PLEASANT HILL v. WILLS, *Appellant.*

1. **Variance.** The fact that a non-negotiable note is averred in the petition to be negotiable, will not prevent recovery upon it.

2. ———. Leave to amend, asked on the ground of variance between the pleadings and proofs of the adverse party, is properly refused unless the statutory affidavit is filed, showing wherein the applicant has been misled to his prejudice.

3. ———. Where complaint is made of the action of the lower court in refusing leave to amend, the amendment proposed should be embodied in the bill of exceptions; otherwise this court cannot determine whether there was error.

*Appeal from Cass Circuit Court.*—HON. NOAH M. GIVAN, Judge.

AFFIRMED.

*John F. Lawder, O. W. Byram* and *F. P. Wright* for appellant.

*Comingo & Slover* for respondent.

EWING, C.—Appellant Wells executed and delivered his note to J. D. Scully, August 4th, 1879, for $125, due six months after date. Scully sold it to respondent before maturity, indorsed and delivered it. The note reads as follows: "$125. Cass County, Missouri, August 4th, 1879. Six months after date I promise to pay J. D. Scully, or order, $125 at the bank of William Allen in Harrisonville, Missouri, with interest at five per cent per annum from date. A. Wells. Witness: G. D. Shackleford." Indorsed, "J. D. Scully." Respondent sued Wells on this note and alleged among other things that "defendant by his negotiable promissory note filed herewith, dated on said 4th day of August, promised for value received," etc. Defendant's answer was a general denial. At the trial the evidence tended to show that the respondent purchased the note from Scully in September, 1879, before maturity. Plaintiff then

offered to read the note in evidence, whereupon the defendant objected "because the note did not sustain the allegations of the petition, which sought to recover on a negotiable promissory note assigned before due; whereas the note offered in evidence to support the allegations of said petition is a non-negotiable note." This objection was overruled. Thereupon defendant moved in open court to amend his answer by "setting up an equitable defense." This motion was also overruled; defendant declined to introduce any evidence, and there was a judgment for plaintiff.

Appellant insists that the variance between the allegations and proof is such that the respondent could not recover. The evidence tended to show that the respondent purchased the note from the payee before maturity, and that it was delivered to the purchaser. The note itself shows that it was indorsed by the payee in blank; so that the purchase, the delivery, the possession and indorsement on the note, all coincide to show that the respondent was the legal owner and holder, and had the right to sue, and under the pleadings was sufficient evidence upon which to recover. We, therefore, hold that under the pleadings the court did not err in permitting the note to be read in evidence.

1. VARIANCE.

We also hold that the court below did not err in overruling appellant's motion to amend his answer. The statute provides, (R. S. 1879, § 3565,) that no variance between the allegation in the pleading and the proof, shall be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits; and that where it shall be alleged that a party has been so misled, that fact shall be proved to the satisfaction of the court by affidavit showing in what respect he has been misled; and thereupon the court may order the pleading to be amended upon such terms as shall be just. No such showing was made, and it is too late to complain here. *Shelton v. Durham*, 76 Mo.

2. ———.

434; *Meyer v. Chambers,* 68 Mo. 626; *Wells v. Sharp,* 57 Mo. 54; *Turner v. Railroad Co.,* 51 Mo. 501; *Clements v. Maloney,* 55 Mo. 352; *Allen v. Ranson,* 44 Mo. 263.

Besides, although the note offered in evidence is not negotiable, the proposed amendment does not appear in the bill of exceptions, and we cannot say that the court erred in refusing permission to amend. *Howell v. Stewart,* 54 Mo. 400.

The judgment is affirmed. All concur.