THE STATE v. BRANNUM, *Appellant.*

1.  **Criminal Practice :** ASSAULT WITH INTENT TO KILL : EVIDENCE. On the trial of a defendant for assault with intent to kill, it is competent for the state to account for the absence of the party assaulted by showing that he had  died since the commission of the alleged offence.

2.  ———— : OBJECTIONS TO EVIDENCE. The Supreme Court will not review the ruling of the trial court in admitting evidence unless the specific ground of objection to it is stated.

3.  ———— : CROSS-EXAMINATION OF DEFENDANT. The defendant, testifying in his own behalf, may  be cross-examined as to any matter referred to in his examination in chief.

*Appeal from Dunklin  Circuit  Court.*—HON. R. P. OWEN, Judge.

AFFIRMED.

*S. M. Chapman* for appellant.

(1)  It was  error  for the state to  prove by the witness, Andrew Mizell, that Dixie Glover was dead, the indictment containing no such allegation.    It is a fundamental principle in criminal trials, that the evidence should not proceed beyond the charge, and that every element entering into the charge, or which affects the punishment, must be clearly set forth in the indictment. Bill of Rights, sec. 22 ; 1 Bish. Crim. Proc. (3 Ed.) secs. 77, 78, 517, 518 ; *State v. Helm*, 6 Mo. 363.    (2) It was in

violation of the statute, and clearly error to interrogate the accused on cross-examination as to whether he fired at Mizell or at Dixie Glover, as he made no allusion in his direct examination to having shot at Mizell, Glover, or any other person. R. S., sec. 1918; *State v. McGraw*, 74 Mo. 573; *State v. Porter*, 75 Mo. 171; *State v. McLaughlin*, 76 Mo. 320; *State v. Turner*, 76 Mo. 350; *State v. Douglass*, 81 Mo. 231; *State v. Patterson*, 88 Mo. 88. (3) The refusal of the trial court to declare the law, as requested by defendant in instructions one, two, and three, was clearly error. R. S., sec. 1235; *State v. Sloan*, 47 Mo. 612, 613; Whart. on Hom. [2 Ed.] secs. 493, 499; 1 Bish. Crim. Law [6 Ed.] sec. 305; *Yates v. People*, 32 N. Y. 509; Whart. Crim. Law [7 Ed.] sec. 1019; *Campbell v. People*, 16 Ill. 17; *Collins v. State*, 32 Iowa, 36; *Young v. Commonwealth*, 6 Bush [Ky.[ 312; *Pond v. People*, 8 Mich. 150.

*B. G. Boone*, Attorney General, for the state.

(1) The omission of the prosecuting attorney's signature from the indictment, as it appears herein, is a clerical error, and is cured by the stipulation of the counsel for defence filed herewith, showing that the original is properly signed. Where a record is imperfect or incorrect on account of a clerical omission or mistake, it may be corrected by stipulation or *certiorari*. *Smith v. Railroad*, 91 Mo. 58; *State v. VanZandt*, 71 Mo. 541. (2) Defendant could not have been prejudiced by the evidence offered by the state to show where Glover was, because it developed the fact that he was dead. It was not sought to be shown by the evidence that Glover died from the effect of the wound inflicted, but simply to account for his absence. This is evident from the testimony, and defendant's complaint is without merit. (3) The statute was not violated in the cross-examination of defendant. He testified in regard to a difficulty with

Mizell and Glover, that the latter struck at him, and he fired a pistol. Upon cross-examination, he was asked whether he fired at Mizell or Glover, and stated that he fired at Glover. The statute is as follows: The person on trial may be cross-examined as to any matter referred to in his examination in chief. R. S., sec. 1918. It is apparent that the statute was not violated. (4) No objections were made or exceptions saved at the time to the giving or refusing of any instructions, and they will not be reviewed in this court. *State v. Payne*, 88 Mo. 604; *State v. Reed*, 89 Mo. 168; *State v. Burk*, 89 Mo. 635.

NORTON, C. J.—Defendant was tried at the May term, 1884, of the Dunklin county circuit court under an indictment charging him with having shot at one Dixie Glover with intent to kill, and was convicted and his punishment assessed at four years imprisonment in the penitentiary. From this judgment he has appealed.

In the progress of the trial during the examination of one Mizell, a half brother of Glover, he was asked, "Where is your brother now," and the witness was allowed to answer over defendant's objection, and said, "My brother is dead;" and further stated that it was a good deal over a year after he was shot before he died. This action of the court is assigned for error. It was entirely competent for the state to account for the absence of Glover, who was shot, by showing that he was dead, in order to shut off unfavorable inferences which could have been drawn from the non-production of Glover as a witness, and we are not able to perceive how it could in any way have prejudiced the jury, especially as no attempt was made to show that his death was the result of the shooting, but, on the contrary, the statement made, that so long a time intervened between the time he was shot and his death, would repel such a presumption.

Defendant was examined on his own behalf, and in the course of his examination in chief stated that, "Glover's half brother was about three and one-half feet from me when the pistol fired." On his cross-examination, he was asked, "Do you know whether the pistol was fired at Mizell or Glover." He answered: "To the best of my opinion, I guess it was fired at Glover." When the above question was propounded, the record shows an objection to it in the following language: "Question objected to." It does not show that any grounds for the objection were stated, and it is urged, therefore, that the objection ought to have been sustained, because the examination in chief of defendant did not authorize it. The trial court had no opportunity and was not asked to pass on that question, and we have repeatedly held that, unless the grounds are stated in an objection to evidence when it is made, we will not consider them here. *Shelton v. Durham*, 76 Mo. 434; *Holmes v. Braidwood*, 82 Mo. 610; *State v. Price*, 9 Mo. App. 581.

But if the specific ground of objection now made to the question had been made in the trial court, it ought to have been overruled, inasmuch as defendant had stated, in his examination in chief, that when the pistol fired Mizell was three and one-half feet from him, and inasmuch as the statute authorizes a defendant to be cross-examined as to "*any matter referred to*" in his examination in chief. R. S., sec. 1918.

As the record does not show that any exceptions at the time were taken to the action of the court in giving and refusing instructions they are not before us for review.

There is no error in the record justifying an interference with the judgment and it is hereby affirmed, in which all concur, except Ray, J., absent.