JOSEPH WRIGHT, Defendant in Error, v. ANDREW J. GILLESPIE & Co., Plaintiffs in Error.

### Kansas City Court of Appeals, January 5, 1891.

1. **Evidence :** LETTER OF INTRODUCTION : KNOWLEDGE OF CONTENTS. Where plaintiff, an attorney, in an action for professional services offers in evidence a letter of introduction from a third party, handed him by defendant, which letter speaks of defendant's wishing to employ him professionally, he must show that defendant had knowledge of the contents of such letter to warrant its reception.

2. **Trial Practice :** WITHDRAWAL OF IMPROPER EVIDENCE : SETTING ASIDE VERDICT. Whether improper evidence is withdrawn by oral direction of the court during the progress of the trial, or by an instruction at the conclusion is immaterial, and an oral direction of the court, " Gentlemen, you will no longer consider the letter of introduction, the contents of which have been read to you," etc., is sufficient ; and the impression of such evidence upon the minds of the jury is insufficient ground for setting aside a verdict.

3. ——— : OBJECTION MUST BE SPECIFIC : WITHDRAWAL OF EVIDENCE NEED NOT BE IN WRITING. Where a defendant objected to the form of a withdrawal of the evidence but did not state the specific ground of his objection to the court's direction, that is, that it was an oral, instead of a written, direction, an appellate court cannot notice such objection ; however, the statute does not require the withdrawal of evidence, improperly admitted, to be in writing.

4. **Evidence :** LABOR OF ASSOCIATE. In an action by an attorney, wherein he seeks to recover for his own services independent of his associate counsel, evidence as to the labor of the associate and his assistant, is wholly irrelevant.

5. ——— : ADMISSION OF EMPLOYMENT WITH OFFER OF COMPROMISE : OBJECTION TO WHOLE LETTER. In negotiations between litigants, if a fact is conceded as true, such concession not being made without prejudice, or hypothetically, or as a condition in a pending treaty, the admission may afterwards be used for what it is worth against the party by whom made ; but an offer to pay money by way of compromise is not evidence, if the object be to buy peace ; however, the admission of particular facts, independent of the offer to pay, does not bear the same character, and is admissible in evidence as a confession. An objection to a whole letter, which offers

Wright v. Gillespie & Co.

in one part a settlement at a given sum, and in another part admits an employment, is properly overruled, while, if the objection had been confined to the offer of settlement, it should have been sustained.

6.  —— : —— : INSTRUCTION : WHETHER AN OFFER IS A COMPROMISE, A QUESTION OF LAW.  An instruction telling this jury that any statements of plaintiff and defendant which they believed was made concerning a compromise, and intended solely to effect a compromise could not be considered by the jury, is condemned as announcing an erroneous rule of law; as submitting a question of law to the jury, and as wanting, in this case, evidence to support it.

7.  **Trial Practice** : INSTRUCTIONS : DUTY OF COURT.  It is not the duty of the court, in civil action when not requested, to instruct the jury on every conceivable aspect of the case, and it is not error for it to omit so to do.

*Error to the Jackson Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Beebe, Randolph & Watson,* for plaintiffs in error.

(1)  The admission of the contents of Mr. Pratt's letter, handed by A. J. Gillespie to Joseph Wright, was prejudicial error.  *Rosenstock v. Tomey,* 32 Md. 169 ; *Wolstenholm v. Wolstenholm,* 3 Lansing (N. Y.) 45. (2)  That error was not cured by the attempt of the court to withdraw the testimony from the jury ; such withdrawal, to be effectual, should have been by an unequivocal written instruction.  *Stephens v. Railroad,* 90 Mo. 207 ; *Durant v. Mining Co.,* 97 Mo. 62.  (3)  The oral direction of the court (assuming testimony erroneously admitted can be withdrawn verbally) was ambiguous and misleading.  Instead of saying to the jury that they should totally disregard such evidence, they are told that they should not "further consider this letter of introduction, the contents of which have been read to you from the deposition of one of the witnesses."  This was equivalent to a declaration by the court that such

letter could be considered by the jury in connection with other evidence, up to that time, but no further. *O'Fallon v. Nicholson*, 56 Mo. 238. (4) The court erred in excluding the testimony of Simonds. Upon the question of the nature, extent and value of Wright's services it was competent and material to show how much of the burden of preparing the case was borne by others. (5) The court should have instructed the jury, as requested, relative to the letter of A. J. Gillespie & Co. offering a compromise of $250. 1 Whart. on Ev., sec. 1090 ; *Railroad v. Wright*, 16 N. E. Rep. (Ind.) 145; *Kirsted v. Brown*, 37 N. W. Rep. (Neb.) 471 ; *Knowles v. Crampton*, 11 Atl. Rep. (Conn.) 593 ; *Ins. Co. v. Warehouse Co.*, 93 U. S. 527 ; *Ferry v. Taylor*, 33 Mo. 323 ; *West v. Smith*, 101 U. S. 263. If written for the purpose of pacification in an effort to compromise, it should not have been given the force of an admission against interest ; and whether so written was a question for the jury.

*Warner, Dean & Hagerman*, for defendant in error.

(1) The trial court may exclude evidence improperly admitted, any time during the progress of the trial, or withdraw the same from the consideration of the jury at the close of the evidence, by written instruction. *Ohr v. Carson*, 62 Mo. 209 ; *Stephens v. Railroad*, 96 Mo. 215. (2) When oral instructions are not excepted to on that ground, at the time, the error will be regarded as waived. Sackett on Instructions, sec. 2, p. 12 ; Thompson on Trials, sec. 2378, p. 1728, and cases cited. (3) Plaintiffs in error, not having requested the court to charge in the form now asserted to be the proper one, are in no position to complain. *Drey v. Doyle*, 99 Mo. 459 ; *Express Co. v. Kountz Bros.*, 8 Wall. 342 ; *Bain v. Doran*, 54 Pa. St. 124. (4) The evidence of Simonds as to the amount of services performed by him was properly excluded. 76 Mo. 460. (5) The letter of

A. J. Gillespie & Co. to Wright, dated November 12, 1887, was properly admitted in evidence. *Brice v. Bauer*, 108 N. Y. 433 ; *Arthur v. James*, 28 Pa. St. 236 ; *Garner v. Myrick*, 30 Miss. 451 ; *Murray v. Caster*, 4 Cowen, 635 ; *Marvin v. Richmond*, 3 Denio, 58 ; *Snow v. Bachelder*, 8 Cush. 513 ; *Gerrish v. Switzer*, 4 Pick. 377 ; *Schlicker v. Gordon*, 19 Mo. App. 479 ; Whart. Ev., sec. 1090 ; 1 Greenl. Ev., sec. 192 ; Stephens' Digest, Ev. [Chaser's Ed.] p. 52 ; Reynolds on Law of Ev., sec. 23 ; *Ferry v. Taylor*, 33 Mo. 333 ; *Bank v. Seymour*, 31 N. W. Rep. 145. (6) It is a question of law for the court, and not of fact for the jury, whether an offer of a certain sum of money was with a view to a compromise, and, therefore, not proper to submit that question to the jury. 1 Thompson on Trials, sec. 1351 ; *Davis v. Railroad*, 11 Cush. 506.

SMITH, P. J.—This is an action brought by plaintiff, an attorney at law, against defendants, stock commission men at the stock-yards in Kansas City, to recover his fees for legal services rendered. The plaintiff had judgment, and the defendant brings this case here by writ of error. The defendants assail the judgment upon quite a number of grounds, which, for convenience, we shall notice in the order of their presentation.

I. That the admission of the contents of the Pratt letter, which was handed by defendant to plaintiff, was prejudicial to him. The court in the first instance permitted to be read to the jury, over the objections of defendants, the deposition of the plaintiff wherein the contents of the letter were stated in effect to be that the defendants wished to employ plaintiff, in the suit of defendants against the Union Stock-Yards National Bank, to assist in the case, etc. No evidence being adduced tending to show that the defendant knew the contents of the letter, the court orally said to the jury : "Gentlemen, you will not further consider the letter of introduction, the contents of which have been read to

you from the deposition of one of the witnesses." The abstract shows that to this action of the court and "the form of the withdrawal" the defendant excepted at the time. Unless it had been shown that Pratt was authorized by defendants to write the letter, or that defendants knew its contents when they delivered it to the plaintiff, it could not be admitted in evidence for the purpose of establishing the employment of the plaintiff by defendants in the suit of the latter against the bank. The contents of the letter were doubtless allowed by the court to go to the jury upon the assumption that the plaintiff later on would in some way so connect the defendants with it as to overcome the objections to its admissibility, and, finally, on perceiving that no such evidence had been introduced, it at that point orally withdrew the same from the consideration of the jury. It frequently happens during the trial of causes that improper evidence gets before the jury, either through mistake, accident or inadvertence, and it is always a proper practice for the court, on discovering the fact, to exclude such evidence from the consideration of the jury. No doubt, this may be done orally during the progress of the trial or by an instruction at the close of the trial. *Stephens v. Railroad*, 96 Mo. 208. It sometimes happens that a swift witness will answer an improper question before the adversary party has time to object to it, and in that way improper evidence gets before the jury. The party asking the question may in such case withdraw it and the answer from the consideration of the jury. Whether the improper evidence was withdrawn by the oral direction of the court during the progress of the trial, or by an instruction at the conclusion, it seems to us would be a matter of no moment, for we must think one method would be equally as efficacious as the other. No prejudice could have resulted to the defendants since the objectionable evidence was withdrawn. And it has been held that the impression such evidence may have made upon the

minds of the jury would be an insufficient ground for setting aside a verdict and judgment. *Winter v. Railroad*, 39 Mo. 468; *Stephens v. Railroad*, 96 Mo. 215, *supra*. But defendant contends that he excepted to the form of the withdrawal. The language employed by the court, it seems to us, was such as is usual in cases of the kind, and was plain and explicit enough to give the jury to understand that the contents of the letter which had been admitted in evidence was not to be further considered by them. It was equivalent to telling the jury that the contents of the letter must no longer be considered as in evidence before them; that it had been a matter for consideration up to that time, but from thence it was withdrawn or excluded from their consideration. But the defendant contends that he excepted to the form of the withdrawal.

The objection itself we are induced to think is not sufficiently specific. If it was that the direction to the jury should have been in writing instead of oral, then it should have been so stated as to have afforded the trial court an opportunity to have reduced its direction to writing if it had concluded it was its duty to do so. As the defendant did not state-the specific ground of his objection to the court's direction, that is, that it was an oral instead of a written direction, we cannot notice it. *Drey v. Doyle*, 99 Mo. 459; *Shelton v. Durham*, 76 Mo. 436. It has been held that, where oral instructions are not excepted to *on that ground*, the error will be regarded waived. *State v. Sibult*, 17 Ia. 375; *Vanwey v. State*, 41 Tex. 639. But we do not think that our statute requires that the court, where during the progress of the trial of a case it shall conclude that any evidence previously admitted is improper, shall withdraw or exclude the same only by an instruction in writing for that purpose. We do not think the statute means anything of the kind. Written instructions are required only where the evidence is concluded. R. S., sec. 3654. The statute has no application to rulings of

the court made in respect to the admission or exclusion of evidence during the progress of the trial. We therefore rule that the court did not err in only withdrawing the contents of the letter in question from the consideration of the jury.

II. The defendant further insists that the court erred in excluding from the jury that part of the testimony of the witness Simond which was in substance that Bisbee, one of plaintiff's associate counsel in the suit against the bank, had engaged him to look up and collate the authorities on certain propositions of law as to the facts in that case, and that in the performance of his engagement he expended the greater part of seven days. The plaintiff's answer to this contention is that the evidence of Simond does not disclose at what time he did the service for Bisbee. It may have been before plaintiff had any connection with the case, and if so then his testimony would be entirely irrelevant. As the record does not affirmatively show when Simond did perform the service, we think the plaintiff's answer sufficient. The plaintiff's suit is for the services he rendered himself in pursuance of his employment independent of his associate counsel. It was not to recover for the performance of some specific or particular part of the whole service rendered by counsel in the case which was not performed by him but by one of his associates. *In re Simpson*, 5 N. Y. Sup. 863. There was no such issue in the case, and hence the excluded evidence was wholly irrevelant.

III. The defendants further complain that the court erred in permitting the plaintiff to read in evidence the following letter :

"KANSAS CITY, Mo., November 12, 1887.
"*J. Wright, Esq.:*

"Our correspondence and business is very pleasant, and this seems to be only a slight difference of opinion. When you want $250 I will send you the funds or will leave it to Bisbee to say what it is worth. There is no

need of any feeling or trouble over this matter. We may have other business in Chicago, and you may be called in as we feel you did good work.

"Your friend,

"A. J. GILLESPIE & Co."

The ground of the objection is that it was written for the purpose of compromise, and was, therefore, inadmissible. The plaintiff testified "that in regard to the bill rendered by me for services, when I saw Mr. Gillespie here soon after it was rendered he made no objection; he said nothing about my not being employed by his firm but he objected to the amount." The clear meaning of this letter when read in the light of this evidence is that the business relation of the plaintiff and defendants in respect to the litigation with the bank had been very pleasant, and that there was only a slight difference of opinion between them as to the value of the services the plaintiff had performed for him; that the plaintiff had done good work in the case, and that they might want to employ him again in other litigation in Chicago. According to this interpretation of the letter it contained an admission by defendants that they had employed plaintiff. Should this letter have been excluded because it contained an offer of $250 in settlement for plaintiff's services rendered under an admitted employment? Because this material admission of defendant is accompanied with an offer of settlement must the plaintiff be precluded from its benefit on that account? The ground rule is that in a negotiation between litigants, if a fact is conceded as true, such concession not being made without prejudice or hypothetically, or as a condition in a pending treaty, the admission may be afterwards used for what it is worth, against the party by whom made. Wharton on Ev., sec. 1090; 1 Greenl. Ev., sec. 192. And so it has been held that an offer to pay money by way of compromise and to get rid of an action is not evidence of a debt, if the object be to buy peace. It is

Wright v. Gillespie & Co.

plain such an offer carries with it no evidence of the justice of the demand, and it would have a tendency to prevent amicable adjustments if such offer were to be used against the parties making them. *But* the admission of *particular facts independent of the offer to pay does not bear the same character.* Such facts are admissible in evidence as confessions. *Garner v. Myrick*, 30 Miss. 451; *Arthur v. James*, 28 Pa. St. 236; *Murray v. Caster*, 4 Cow. 635; *Snow v. Batchelder*, 8 Cush. 513; *Gerrish v. Switzer*, 4 Pick. 377; *Brice v. Bauer*, 108 N. Y. 433; *Railroad v. Wright*, 16 N. E. Rep. 145.

The objections of the defendants went to the whole letter. If they had confined it to that part of it which related to the offer to pay money in compromise and settlement of the plaintiff's demand, then it should have been sustained, but they objected to the whole letter, and the court was, therefore, right in overruling their objection. *Arthur v. James*, 28 Pa. St. 236; *Schlicker v. Gordon*, 19 Mo. App. 479.

IV. The defendants' further insistance is that the court erred in refusing their instruction, numbered 4, which told the jury that any statements of plaintiff and defendants which they believed were made by each to the other, whether written or verbal concerning a compromise of plaintiff's claim and intended solely for the purpose of effecting a compromise could not be considered for the purpose of determining the liability of defendants or to effect the amount of plaintiff's demand. It is plain that according to the authorities just referred to in the preceding paragraph this instruction announced an erroneous rule of law for the guidance of the triers of the facts, and was properly refused. Besides it left the jury to decide whether the offer in the letter was made for the purpose of effecting a compromise which was a question of law for the court and not for the jury to decide. *Davis v. Railroad*, 11 Cush. 506. There was no evidence that the letter was

intended solely for the purpose of effecting a compromise, and hence that part of the instruction in relation to defendants' intention was without evidence to support it, and for that additional reason was properly refused. And this last remark is equally applicable to the defendants' fifth instruction which was refused and which contains a similar vice to that of their fourth.

If the defendants had desired the court to limit the effect of the letter which the court admitted in evidence, they should have asked an instruction for that purpose. If a party desires instructions upon any particular theory or covering any particular matter in a case he should ask them. It is not the duty of the court, in a civil action when not requested, to instruct the jury upon every conceivable aspect of the case, and it is not error for it to omit to do so. *Drey v. Doyle*, 99 Mo. 459; *Express Co. v. Kountz Bros.*, 8 Wall. 342; *Bain v. Doran*, 54 Pa. St. 124.

It follows from what has been said that the judgment of the circuit court should be affirmed, which with the concurrence of the other judges is so ordered.