**Isaac NASH, Appellant,**

v.

**PLAZA ELECTRIC, INC., a Corporation, Respondent.**

**No. 49300.**

Supreme Court of Missouri,

Division No. 2.

Dec. 11, 1962.

Motion for Rehearing or for Transfer to Court En Banc Denied Jan. 14, 1963.

638

Edward F. Aylward, Robert A. Meyers, George V. Aylward, Charles Schnider, Kansas City, for plaintiff-appellant, Cohen, Schnider, Shamberg & Jenkins, Kansas City, of counsel.

Morrison, Hecker, Cozad & Morrison, Karl F. Schmidt, Byron J. Beck, Kansas City, for defendant-respondent.

BOHLING, Commissioner.

Isaac Nash sued the Plaza Electric, Inc., a corporation, for personal injuries, asking $100,000 damages. Plaintiff has appealed from the judgment entered on a nine-juror verdict for the defendant. He contends reversible error resulted from a colloquy between the court and the jury after its retirement to deliberate on its verdict, and the court's thereafter giving what plaintiff designates an instruction to the jury, and the exclusion of complaints plaintiff made to lay witnesses in regard to his injuries. The defendant contends no prejudicial error occurred and, also, that plaintiff failed to make a submissible case.

Plaintiff was the chief chef at Hogerty's Restaurant and Cocktail Lounge in the Brookside area of Kansas City, Missouri,

and also served in a supervisory capacity in the purchase of foods, and the employment of help. On the night of May 1, 1958, a fire occurred in the kitchen of the restaurant. About noon on May 2, two of defendant's employees were inspecting and repairing the electric wiring and fixtures, using a 7 or 8-foot wooden stepladder. Plaintiff, on his hands and knees inspecting the vegetables in the bottom of a refrigerator, heard a noise, looked over his shoulder, and saw the stepladder coming down. He was unable to get out of the way, and the ladder struck him on his back a little below his belt line. He had pain in his back, and saw a doctor when his employer sent him to see one three or four days later. His condition continued to become worse, and in March, 1959, his employer discharged him. Defendant's cross-examination of plaintiff impeached his credibility as a witness. The medical testimony is not included in the transcript, but plaintiff states in his brief that his medical testimony showed he suffered a traumatic neurosis, and defendant's medical testimony tended to show plaintiff was not injured.

The trial started September 25, 1961; and at 4:15 p. m. September 29th the jury, after deliberating on a verdict, returned to the court room and the following colloquy, in substance and so far as material, occurred between the court and the jury in the presence of counsel for the parties. The court, requesting that the Foreman answer his inquiries and nothing more, stated: "You have been out about three and a half hours altogether, or a little more, on your deliberations. * * * Now, here is what I want to know. * * * You have not arrived, of course, at a verdict? The Foreman: No, sir.

"The Court: Is it your opinion that a verdict can be reached? The Foreman: No, sir.

"The Court: Is it your opinion that you have such differences among the members of the jury that they can not be resolved? The Foreman: It is my opinion that is so, yes, sir.

"The Court: Is that the opinion of the other members of the jury? Jurors: Yes, sir.

"The Court: Do you say that you are deadlocked, so to speak? Jurors: Yes, sir.

"The Court: How long has that condition obtained? The Foreman: Well, we have been apart right from the beginning, and it has not changed very much either way.

"The Court: Do you think that if you were afforded an opportunity for further deliberations that progress might be made? The Foreman: I don't believe so, sir.

"The Court: What about the rest of you? Jurors: (Nodding) No. A Juror: I don't think so.

"The Court: Of course, you can readily see that what I am trying to do is this. This has been a long case. It has taken all week. I certainly want a verdict arrived at if it is possible to do so. I know for those of you who are not accustomed to being in the court room all the time it has probably been a rather grueling situation, and tiring. Naturally, we want the case resolved if it can be. I am willing to do one of two things to give you further time. If it will enable you to reach a verdict I will send you back, or if you prefer, if you are tired, we will quit and come back. We will quit for today and you will be back tomorrow. The Foreman: May I personally poll the jurors?

"The Court: Yes. It is purely an advisory opinion. It is not binding, but I would kind of like to know which way the wind is blowing. The Foreman: I have polled all the jurors. There seems to be no hopes of changing our position.

"The Court: Will the lawyers come up, please?

"(Thereupon, discussion was had off the record.)

"The Court: I will tell you what we are going to do. We are going to adjourn until nine o'clock tomorrow morning. Maybe

a night's sleep and a little fresh air will be beneficial to you people. We will find out. * * *"

The court thereupon again admonished the jurors not to talk about the case with each other until they returned to the jury room, or with other persons, or allow anyone to discuss the case within their hearing or presence.

Court then adjourned to 9:00 a. m. Saturday, September 30, 1961, at which time the following proceedings were had:

"The Court: * * * Now before sending you up there, I do want to say this. This is, as I recall, the sixth day in the trial of this case. There were four days of testimony, and half a day of instructions and argument. You went out yesterday and were out three hours and a half, or three-quarters—something like that—and that is why I had you to come back today. After a trial of such duration, of course, the jury is going to require and should be afforded an ample opportunity and to endeavor to arrive at a verdict. That is what you are here for this morning—to have further time to deliberate. It is desirable that in every case a verdict be reached, if possible. It costs a lot of money to the litigants and to the State to try cases. You people who were selected as jurors are representative of the jurors who were in the jury assembly room. There is no reason to believe that you are any less intelligent than any other twelve jurors that might be called upon to try this case. You should, of course, follow the instructions of the Court. You should not violate any principles that you might have, but you should afford and afford fully to each of your fellow jurors an opportunity to express his opinion or her opinion and to give it the most consideration in endeavoring to arrive at a fair and impartial verdict."

The jury retired and then the following occurred:

"Mr. Meyers: Let the record show that the plaintiff objects to the Court's charge to the jury.

"The Court: "I didn't know that it was a charge.

"Mr. Meyers: Or instructions just given by the Court to the jury."

■ While plaintiff sets forth in his motion for new trial and in the argument portion of his brief the whole of the remarks between the court and jury of September 29th and 30th, his contention that the colloquy between the court and the jury of September 29th coerced a defendant's verdict is based upon the jurors unanimously indicating they were deadlocked at that time. Plaintiff at the trial did not attempt to interpose any objection to any remark between the court and the jury on September 29th. In these circumstances this contention of plaintiff has not been preserved for appellate review, as a failure to object when the opportunity presents itself constitutes a waiver of the claimed trial error. State v. Baker, Mo., 293 S.W.2d 900 [5]; State v. Whitaker, Mo., 275 S.W.2d 316 [17–19]; State v. Linders, Mo., 224 S.W. 2d 386 [21]; State ex rel. Miser v. Hay, Mo., 328 S.W.2d 672 [5]; Brown v. Thomas, Mo.App., 316 S.W.2d 234 [6–8]. The reasonable conclusion from the fact the court and counsel held an off-the-record discussion and the immediate adjournment thereafter to the following day, without any objection being interposed, is that the litigants and the court were agreed that this was the proper action to take.

We next consider the admonition to the jury of September 30th, passing any issue with respect to the objection thereto being timely or sufficient.

Plaintiff, to establish coercion on the part of the court, stresses Anderson v. Bell, Mo., 303 S.W.2d 93, 100 [9, 10]. In the Anderson case a plaintiff's nine-juror verdict was upheld, the admonition being considered not reversible error. We, however, cautioned against the use of the admonition, stating it should be given only on infrequent occasions when it is reasonably certain no coercion is being exercised.

■ An appellant ordinarily has the burden of establishing prejudicial error upon appeal. Respondent does not have the burden of establishing the correctness of the court's ruling. Hardy v. McNary, Mo., 351 S.W.2d 17, 20 [1–3], citing authority; Nibler v. Coltrane, Mo., 275 S.W.2d 270, 277 [11]. Consult Civil Rule 83.13(b), V.A.M.R., formerly § 512.160(2), RSMo 1959, V.A.M.S.

■ Trial courts may exercise a sound discretion in the length of time a jury should be kept together. State v. Shelby, 333 Mo. 610, 62 S.W.2d 721, 725 [8–10]; Hoffman v. St. Louis Pub. Serv. Co., Mo., 255 S.W.2d 736 [15, 16].

■ We think when jurors report after 3½ hours of deliberation that they are unable to agree following a trial extending into the fifth day before its submission, that the trial court should not abnegate its function and refuse to advise the jury of its duties and powers. See Civil Rule 69.02.

The propriety of similar admonitions to juries has been considered in, among others, the Shelby, Hoffman and Anderson cases, supra; State v. Roberts, Mo., 272 S.W.2d 190, 192; State v. Stegall, Mo., 327 S.W.2d 900 [1, 2]; State v. Keller, Mo., 344 S.W.2d 65, 68.

Considering the admonition in the case at bar as a whole, the court was acting within its discretion to afford the jury ample opportunity to arrive at a verdict. The statement: "There is no reason to believe that you are any less intelligent than any other twelve jurors that might be called upon to try this case," although not in words used in some other admonitions, conveys the underlying thought that the jurors were as well qualified to decide the case as any others that might be selected, admonitions found in the Roberts, Stegall and Anderson cases. Consult Railway Express Agency v. Mackay, 8 Cir., 181 F.2d 257, 19 A.L.R.2d 1248, 1256 [6].

Quoting further: "You should, of course, follow the instructions of the court. You should not violate any principles that you might have, but you should afford and afford fully to each of your fellow jurors an opportunity to express his opinion or her opinion and to give it the most consideration in endeavoring to arrive at a fair and impartial verdict." This portion of the admonition may not have been as judiciously worded as possible, but we think jurors of average intelligence would understand they should discuss the case openly and frankly but should not violate any principles they might have with respect to what the true facts were under the evidence. Consult again the admonitions, for instance, in the Roberts, Stegall and Anderson cases. See also annotations, 19 A.L.R.2d 1261, § 3; 109 A.L.R. 82, III; 85 A.L.R. 1434, V.

The trial court in overruling plaintiff's motion for new trial considered its admonition to the jury was not coercive. This finding is supported by the fact that three of the jurors did not agree to the verdict. We sustain the trial court's ruling.

■ A point first made in plaintiff's motion for new trial is that the admonition of September 30th constituted reversible error because it was not in writing and counsel had no opportunity to object to it until after it was given.

Civil Rule 70.01(a) authorizes litigants to submit in writing and request the court to give instructions "on the law applicable to the issues in evidence in the case"; and: "The court may also instruct the jury in writing of its own motion. The court shall afford ample opportunity for counsel to examine the instructions before the same are given and to make objections out of the hearing of the jury." Rule 70.01(a), formerly § 510.300(1), RSMo 1959, V.A.M.S., applies by its terms only to instructions "on the law applicable to the issues in evidence in the case," or otherwise stated, "instructions which submit to the jury the issues being tried." Reliable Life Ins. Co. v. Bell,

Mo.App., 246 S.W.2d 371, 381 [16, 17]. O'Donnell v. St. Louis Pub. Serv. Co., Mo. App., 246 S.W.2d 539 [8]; Lumatz v. American Car & Foundry Co., 217 Mo.App. 94, 273 S.W. 1089, 1092 [2].

■ Directions to jurors to withhold their conclusions until all the evidence is in; or cautioning them against permitting any person to talk to them or engaging in conversation with each other on the merits before the case is submitted for deliberation; or to disregard evidence or remarks or argument of counsel stricken on motion are not considered instructions required to be in writing. The Lumatz and Reliable Life Ins. Co. cases, supra. Other statements also have been considered admonitions not rising to the dignity of an oral instruction upon an issue in the case in Counts v. Thompson, 359 Mo. 485, 222 S.W.2d 487, 494; Riehle v. Broadway Motors, Inc., Mo.App., 350 S.W.2d 89, 92, 94 [1]; Hoeffner v. Western Leather Clothing Co., Mo.App., 161 S.W.2d 722, 731 [22]; Meyer v. Dubinsky Realty Co., Mo.App., 133 S.W.2d 1106, 1111 [15].

It is stated in 88 C.J.S. Trial § 330, p. 868: "Moreover, the court may orally state to the jury the importance of agreeing on a verdict if they could do so without the sacrifice of their honest convictions, and may orally direct them to retire and consider the verdict further. * * * In accordance with the general rule, remarks to the jury of a general character as to their duty and power as jurors are not a part of the instructions required to be put in writing." Consult 53 Am.Jur., Trial, p. 445, §§ 562–565.

The court did not indicate the case at bar was a simple one on the law or the facts and that the jury ought to come to an agreement. Consult State v. Keller, Mo., 344 S.W.2d 65, 68. The court orally informed the jurors of their duties and powers without commenting on principles of law affecting the merits. Civil Rule 69.02 authorizes courts to "orally instruct the jury in conformity with the contents" of the Handbook of Information for Jurors approved by The Missouri Bar. See pages 9 and 10 of "Handbook of Information for Trial Jurors" approved by the Supreme Court December 17, 1959. Consult also Wright v. Gillespie & Co., 1891, 43 Mo.App. 244, 249 (stating the objection that an instruction should be in writing should be timely and specific); State v. Whitaker, Mo., 275 S.W.2d 316, 321 [19]; Boll v. Spring Lake Park, Inc., Mo., 358 S.W.2d 859, 867.

We do not understand that McPeak v. Missouri Pac. Ry. Co., 128 Mo. 617, 30 S.W. 170, 173, 176(4); Boyd v. Pennewell, Mo. App., 78 S.W.2d 456, and Anderson v. Bell, supra, plaintiff's cases, were remanded because the admonition or direction to the jury was not in writing. In Anderson v. Bell there also was an oral admonition that if a verdict could not be reached on plaintiff's claim and the cross-claim of one defendant against the other defendant, the jury might reach and return a verdict on one or the other of the two (303 S.W.2d 1, c. 99).

We overrule plaintiff's contention.

■ Plaintiff's remaining point is that the court erred in not permitting lay witnesses to testify concerning physical complaints made by plaintiff to them after his injury, citing Benson v. Smith, Mo.App., 38 S.W.2d 749 [3–5]; Kickham v. Carter, Mo., 335 S.W.2d 83, 91 [9] and case there cited.

The record does not establish prejudicial error. The testimony was relevant only on the issue of plaintiff's damages. The jury never reached that issue, the verdict being for the defendant. Russell v. Kotsch, Mo., 336 S.W.2d 405 [7]; Clark v. Reising, 341 Mo. 282, 107 S.W.2d 33 [9]; Merritt v. Mantony, Mo., 353 S.W.2d 768 [2]. Other reasons need not be developed.

The foregoing disposes of all points presented in the appellant's brief.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All of the Judges concur.